Hillsborough
No. 78-250

### THE STATE OF NEW HAMPSHIRE

v.

### HAYDN A. JONES

February 28, 1979

*Thomas D. Rath,* attorney general (*Peter W. Mosseau,* attorney, on brief), for the State.

*James E. Duggan,* of Manchester, on brief, for the defendant.

PER CURIAM. This criminal appeal requires us to determine whether the trial court's failure to instruct the jury on the weight to be given to the testimony of police officers as specifically requested by the defendant requires a new trial. The defendant's exceptions were reserved and transferred by *Flynn,* J. The defendant had been arrested for disorderly conduct and for interference with an arrest, and was temporarily confined at the Manchester police station with his girlfriend. The girlfriend and another woman in her cell started to fight and the police then moved various prisoners within the cellblock to avoid further fighting. According to the officers, the defendant refused to enter the cell to which he was being moved, placed his hand on an officer's weapon, and fired a shot superficially wounding another officer.

The testimony of the police officers and the testimony of the defendant and his girlfriend concerning the commencement of the fight between the defendant and the officers differed. The jury rejected the defendant's claim of self-defense and convicted him of aggravated assault. At trial the defendant requested the following jury instruction: "You should consider the testimony of a police officer as you would any other witness. You should not give more weight to the testimony of a police officer simply because he or she is a police officer." The court rejected the instruction, stating that it was covered by the following portion of

the charge: "In deciding what the facts are, of course you will not give any more weight to the testimony of a witness due to one's race or color, or one's particular station in life, because that has, as you know, no relevancy here at all." Although on the facts of this case the defendant's requested instructions could properly have been given, we find no error. The court's instruction did not contain an incorrect statement of the law and did not omit an essential element of the case. The trial judge did not give a special instruction on the defendant's credibility, and there was no prosecutorial overreaching as in *United States v. Reid*, 410 F.2d 1223 (7th Cir. 1969), relied upon by the defendant. "It was within the trial court's sound discretion to determine 'whether an instruction on a particular issue is necessary to assist the jury in making its verdict.'" *State v. Meloon*, 119 N.H. 79, 80, 397 A.2d 1041, 1043 (1979), quoting *Fusegni v. Portsmouth Housing Authority*, 114 N.H. 207, 209, 317 A.2d 580, 582 (1974).

*Exceptions overruled.*