Hillsborough
No. 79-297

SHIRLEY SOUCY

v.

NICHOLAS KOUSTAS

May 22, 1980

*James A. Connor*, of Manchester, by brief and orally, for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Donald E. Hardner* orally), for the defendant.

### MEMORANDUM OPINION

Plaintiff's exception to the court's refusal to further voir dire a jury by reciting the names of each and every attorney associated with the defending attorney's firm were transferred by *Flynn*, J.

The plaintiff concedes that the court announced the name of the firm, the name of trial counsel and specifically asked the jury whether they employed attorneys who are involved in this matter "or their partners or associates."

RSA 500-A:22 (Supp. 1979) mandates that any juror "may be required by the court, on motion of a party in the cause to be tried, to answer . . . whether any one of the counsel in the cause is employed by him in any action then pending in said court." The plaintiff argues that "[t]he request made . . . would have taken . . . less than one minute . . . and in view of the extraordinary expense in the interest in the parties involved [sic] . . . such a request was unobtrusive and modest and the plaintiff was entitled to it." The record does not reveal, nor is any claim made, that any juror, in fact, so employed one of the 22 members of the firm or that the jury or any member thereof was biased or prejudiced.

It is within the sound discretion of the trial court to accept or reject a party's proposed questions for the examination of prospective jurors. RSA 500-A:22 (Supp. 1979); *State v. Gullick*, 120 N.H. 99, 411 A.2d 1113 (1980). As there was no allegation or showing of juror bias or prejudice in this case, we hold that the

court did not abuse its discretion in denying the plaintiff's motion in this case. In the future, however, the granting of similar requests might reduce the potential for mistrials or appeals.

*Exception overruled.*