Hillsborough
No. 79-236

THE STATE OF NEW HAMPSHIRE

v.

HAYDN A. JONES

September 26, 1980

*Gregory H. Smith,* acting attorney general (*Peter W. Mosseau,* assistant attorney general, orally), for the State.

*Eleanor Krasnow*, of Manchester, by brief and orally, for the defendant.

PER CURIAM. In May 1977, the State tried and convicted the defendant of aggravated assault on the ground that he recklessly caused "bodily injury to another by means of a deadly weapon." RSA 631:2 II. The Trial Court (*Flynn*, J.) denied the defendant's motion to dismiss because of insufficient evidence. The defendant excepted to that denial and to the failure of the court to give requested instructions on self-defense and the weight to be given police testimony. He made no other objections to any of the instructions given. The trial court transferred the defendant's exceptions with respect to the jury instruction on the weight to be given police testimony to this court and we overruled them. *State v. Jones*, 119 N.H. 114, 398 A.2d 847 (1979). Thereafter, new counsel for the defendant filed a motion to set aside the verdict and for a new trial, which was amended to a petition for a writ of habeas corpus based on the claim that there was insufficient evidence to support the verdict and that the instructions on the elements of the crime were so erroneous as to deprive defendant of the right to trial by jury on each element of the crime. The petition was denied by *Flynn*, J., and the defendant appealed on the basis of alleged federal constitutional violations.

The defendant was represented by admittedly competent counsel at his trial and on his direct appeal. Recognizing that he raised none of the issues now raised below or on the previous appeal by objection, exception or even by suggestion, the defendant seeks to persuade this court to permit him to bypass our contemporaneous exception rule. Nowhere is the rule more useful in furthering the State's interest than in the area of complaints about instructions to the jury. All of the defendant's claims, except with regard to the insufficiency of the evidence, fall into this class. We continue to adhere to our rule and recognize no exception into which defendant's case would fall. *See Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979); *State v. Gullick*, 120 N.H. 99, 411 A.2d 1113 (1980); *State v. Carroll*, 120 N.H. 458, 417 A.2d 8 (1980).

We also reject the defendant's claim that the evidence was insufficient under the standards of *Jackson v. Virginia*, 443 U.S. 307 (1979), to convict him. Although defendant did raise the question of the sufficiency of the evidence before the trial court he failed to pursue his claim here and thereby waived it.

In any event, we are satisfied that the evidence was

sufficient to convict under the *Jackson* test. The charge arose out of an altercation which occurred when the defendant, who was being detained at the Manchester police station, refused to enter a cell in which he was being placed in order to avoid further fighting between his girlfriend and another female cellmate. The defendant took hold of an officer's revolver and, while it was still in the holster, fired a shot which superficially wounded another officer. The evidence clearly supports a finding that the defendant did in fact grab the gun and fire it. The jury was entitled to find beyond a reasonable doubt that the defendant knew that there was a risk that someone would be injured if he fired the gun and that he consciously disregarded that risk.

*Appeal dismissed.*