Hillsborough
No. 80-156

MAYNARD H. MIRES, DIRECTOR
DIVISION OF PUBLIC HEALTH SERVICES

v.

WILLIAM SYLVESTER & a.

October 27, 1980

*Gregory H. Smith,* acting attorney general (*E. Tupper Kinder,* assistant attorney general, orally), for the plaintiff.

*Prunier, Mazerolle & Frasca,* of Nashua (*Gerald R. Prunier* orally), for the defendants.

GRIMES, C.J. In this appeal the defendants question whether the evidence was sufficient to sustain a finding of criminal contempt for violation of an injunction prohibiting them from "depositing or suffering or permitting the deposit of refuse" on premises owned and/or occupied by the defendants. We hold the evidence sufficient and affirm.

The defendant Mary Charpentier owns a parcel of land on Gilson Road in Nashua. The property was at one time a gravel pit and now has a repair garage located on it. The defendant William Sylvester occupies and controls the property. Sometime in the early 1970's, Sylvester began depositing refuse materials at the site. In April 1975, a temporary injunction restrained Sylvester and Charpentier from dumping refuse, as defined by RSA 147:24 IV, on the site and in September 1976, a consent decree provided for the removal of all foreign material from the site and permanently enjoined the defendants from "depositing or suffering or permitting the deposit of refuse" on the premises. The consent decree indicates that Sylvester admitted being in contempt of the temporary injunction.

In April 1979, the plaintiff instituted this action, claiming that Sylvester, after having been found in contempt on four previous occasions, "continued to dispose refuse or to permit the disposal of refuse on the site." After a hearing, the Trial Court (*Flynn,* J.) found, beyond a reasonable doubt, that Sylvester was in contempt of the 1976 consent decree, sentenced him to jail for five months with two months suspended and fined him $6,000. Mary Charpentier was found not guilty of contempt. The court transferred Sylvester's exceptions.

█ The defendant contends that the evidence was insufficient to support the trial court's finding that he was guilty of criminal contempt beyond a reasonable doubt. His argument is based on the claim that none of the witnesses proved that the defendant either allowed refuse to be dumped or dumped refuse himself. However, the court took a view and found that "an emergency health situation, constituting a nuisance due to the disposal of deleterious waste" existed on the premises. If the 1976 decree had been complied with, there would have been no refuse on the premises. The court could certainly find beyond a reasonable doubt, therefore, that Sylvester either did not remove the refuse as ordered or suffered or permitted refuse to be deposited on the site thereafter. Considering all the evidence, we conclude that it was sufficient to sustain the finding. *See Jackson v. Virginia*, 443 U.S. 307 (1979).

The defendant also complains of the court's decision to proceed with a hearing on the motion for contempt after first deciding not to do so.

█ We fail to see any prejudice to the defendant from the action by the court. The defendant was duly notified of the motion for contempt and that it was a matter to be heard. He had adequate notice to permit him to prepare to meet the charge. Moreover, the defendant's right or ability to cross-examine was not affected because the court's initial decision not to hear the contempt matter was changed before the conclusion of the examination of the State's first witness. Finally, the defendant made no objection and took no exception to the court's decision to consider the contempt charge and the trial judge stated without objection that all parties had agreed to the change. *See State v. Jones*, 120 N.H. 652, 421 A.2d 1004 (1980); *State v. Carroll*, 120 N.H. 458, 417 A.2d 8 (1980); *Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979).

*Exceptions overruled; affirmed.*

All concurred.