Merrimack
No. 83-238

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM D. GODING

April 16, 1984

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant was charged with driving while intoxicated, second offense, RSA 265:82, and with driving without proof of financial responsibility in violation of RSA 263:63. After a jury trial in Superior Court (*Contas*, J.), the defendant was found guilty of driving without proof of financial responsibility, and a mistrial was declared on the DWI charge after the jury was unable to reach a verdict. The defendant appeals the failure of the trial court, during the jury selection process, to propound specific *voir dire* questions to the jury *venire*. We reverse.

Prior to trial, defense counsel requested that the court ask members of the jury *venire* if any of them had ever been the victim of an automobile accident in which the other party involved "was not insured or not in a position to pay for damages done because I would expect that those people might harbor some ill feelings towards people who drive without insurance."

 After a brief colloquy between the court and defense counsel, the court ruled: "I don't think that's necessary, Mr. Volinsky. I've had those proposed before and I'm going to go by the statute and I don't think that it's absolutely necessary and your exception is noted." The statute the court referred to is RSA 500-A:12:

"I. Any juror may be required by the court, on motion of a party in the case to be tried, to answer upon oath if he:

(a) Expects to gain or lose upon the disposition of the case;

(b) Is related to either party;

(c) Has advised or assisted either party;

(d) Has directly or indirectly given his opinion or has formed an opinion;

(e) Is prejudiced to any degree regarding the case; or

(f) Employs any of the counsel appearing in the case in any action then pending in the court.

II. If it appears that any juror is not indifferent, he shall be set aside on that trial."

RSA 500-A:12 is skeletal and must be supplemented, because our courts do not generally permit counsel to conduct *voir dire* directly, by questions targeted to the particular bias that might be involved in a given case. The United States Supreme Court recently observed that:

"One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.' *Voir dire* examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors."

*McDonough Power Equipment Inc. v. Greenwood*, 104 S. Ct. 845, 849 (1984) (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)).

██ The trial court's questions must reveal the surface information necessary to furnish an intelligent basis for counsel's exercise of challenges based on a lack of impartiality. *See United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979); *United States v. Segal*, 534 F.2d 578, 581 (3d Cir. 1976). Without sufficient information, counsel cannot use their challenges in an intelligent and meaningful manner, and the *voir dire* is rendered "an empty ritual." *United States v. Rucker*, 557 F.2d 1046, 1048 (4th Cir. 1977).

 The choice of questions to be asked on *voir dire* is a matter within the trial court's sound discretion. *Soucy v. Koustas*, 120 N.H.

784

381, 382, 415 A.2d 335, 335 (1980). In the instant case, however, the trial judge applied a blanket prohibition to the questions that defense counsel attempted to propose. This denial, rather than a proper exercise of discretion, is a failure to exercise discretion and, thus, an abuse of discretion.

*Reversed and remanded for a new trial.*