Hillsborough
No. 82-585

### THE STATE OF NEW HAMPSHIRE

v.

### NORMAN CERE

August 13, 1984

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BROCK, J.   The issue in this attempted aggravated felonious sexual assault case is whether the defendant sufficiently raised and preserved his claim that the jury was not fair and impartial. We hold that he did and remand.

The defendant was tried before *Contas*, J., and a jury which returned a guilty verdict. He was sentenced to not more than ten nor less than five years at hard labor in the State prison. During the empanelling of the jury, counsel approached the bench and defendant's counsel stated to the court:

> "Your Honor, looking at some of the jurors, some of them seem familiar to me; and I don't know if I've seen them on other cases or Stewart Meyers as part of the jury pool. My concern would be is that some of the questions asked of the Stewart Meyers jury pool indicated that some of the jurors who were excused from that believed in fact that the defendant must be put to his task of proving his innocence or at least defending his innocence."

The trial court responded:

> "That would be taken care of when I charge them and tell them that they are to presume that he's innocent. I don't know whether there's any on from the Stewart Meyers case or not. This was the panel that was presented to the Court for selection of a jury to try this case. And you

object to it. Your objection is overruled. Your exception is noted."

After the verdict, the defendant moved to set aside the verdict on the ground, among others not presently at issue, that at least one member of the jury had been excused from service on the Stewart-Meyers jury because she could not follow the law on the burden of proof and believed that the defendant must do something to prove his innocence because he must have done something to get him there. Counsel stated that he was making an effort to determine whether there were others on this jury who had been previously excused for the same reason. The motion was denied, subject to exception.

Although defense counsel might have done more, we believe he did enough to alert the court to the fact that there might be some members of the panel who had already been found to be disqualified because they could not follow the instructions on the burden of proof. The fact that certain jurors had been previously disqualified for this reason certainly could not be "taken care of when I charge them and tell them that they are to presume that he's innocent." We agree with the defendant that all jurors found disqualified for that reason should have been removed from further jury service. One whose beliefs are so subversive of such a fundamental safeguard of our freedoms is not qualified for jury service. *See Pierce v. State*, 13 N.H. 536, 555–56 (1843), *aff'd*, 46 U.S. 554 (1847).

This is not a case where, because no timely objection and exception were made, the court was "denied the opportunity to correct any error that it may have made." *State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982); *see State v. Isabelle*, 80 N.H. 191, 192–93, 115 A. 806, 807–08 (1921). The defendant's objection to the panel was overruled and his exception was noted. The transcript indicates that the court considered that to be the end of the matter. It is understandable that counsel did no more.

Under our system of jury selection, where the questioning of jurors is done by the court and not by counsel, the court owes a special duty to act on its own when counsel has alerted the court to special problems. *See Pierce v. State*, 13 N.H. at 554–56; *see also Smith v. Phillips*, 455 U.S. 209, 217 (1982); *State v. White*, 105 N.H. 159, 161, 196 A.2d 33, 34 (1963), *cert. denied*, 379 U.S. 854 (1964). In this case, when counsel showed concern supported by sufficient facts during the empanelling process that some of the jurors might not be qualified because unable to follow instructions on the burden of proof, the court should have taken all reasonable steps to ensure that no such jurors were permitted to serve.

The matter is remanded for the trial court to make an affirmative finding that no juror who served on the jury in this case had been excused from serving in the Stewart-Meyers case five days before because he or she could not or would not obey the instructions on the burden of proof or, if unable to do so, to set aside the verdict and order a new trial.

In addition, under our supervisory authority over the administration of all courts of this State, see N.H. CONST. pt. II, art. 73-a; RSA 490:4, we are mandating an inquiry into the qualifications of jurors in criminal cases, going beyond those *voir dire* questions customarily asked as outlined in RSA 500-A:12. *See State v. Goding*, 124 N.H. 781, 474 A.2d 580 (1984). We are prompted to do so because we are concerned by the implication of the findings of a 1983 national survey commissioned by the Hearst Corporation and entitled "The American Public, The Media and the Judicial System." Fifty percent of those surveyed responded that the following statement was *true*: In a criminal trial, it is up to the person who is accused of the crime to prove his innocence." Furthermore, of those surveyed who had served as *jurors*, 49.9% believed that statement to be true.

Similarly, in a recent trial for first degree assault, here in New Hampshire, a panel of twelve potential jurors was asked: "How many of you think that the defendant must prove he is innocent? How many of you think that the State must prove the defendant's guilt by a preponderance of the evidence?" Ten or eleven hands were raised in response to each question. *See* partial transcript in the matter of *State of New Hampshire v. William Beaulac*, Coos County Superior Court, #S-83-73 (May 15, 1984).

These findings of the Hearst Report and the responses to the informal inquiry here in this State indicate a shockingly widespread ignorance of those valued precepts most central to our American system of criminal justice—a defendant's presumption of innocence and the government's burden of proving guilt beyond a reasonable doubt. In light of this apparently widespread misinformation about those precious protections afforded by our legal system, we are compelled to take action in order to ensure, as much as possible, that those persons serving as jurors are aware of, understand, and can implement those constitutional requirements relating to the presumption of innocence and the burden of proof. Accordingly, we hereby rule that, in general instructions to new jurors, trial judges must explain the presumption of innocence and burden of proof in criminal cases. We further rule that in the examination of prospective jurors in all future criminal trials, the following questions *shall* be asked:

Do you believe that, because the defendant has been charged with a crime, he (she) is probably guilty and therefore must present evidence to prove that he (she) is innocent?

If you have such a belief, would that belief prevent you from accepting from this court and applying to this case the correct formulation of law; that is, that a defendant is presumed innocent until proven guilty, that the State has the burden of proving guilt beyond a reasonable doubt, and that the defendant need present no evidence whatsoever on his own behalf?

The responses to these questions should aid in identifying those persons not qualified for jury service and thereby aid in ensuring the integrity of jury verdicts.

*Remanded.*

All concurred.