Merrimack
No. 83-511

# THE STATE OF NEW HAMPSHIRE

### v.

# DAVID LAKE

December 31, 1984

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief), by brief for the State.

*Pizzimenti & Immen*, of Concord (*Dennis Pizzimenti* on the brief), by brief for the defendant.

DOUGLAS, J.  The defendant, David Lake, appeals his conviction in Superior Court (*Goode*, J.) for driving while intoxicated, second offense, RSA 265:82-b (Supp. 1983). The issues presented for review on this appeal are whether the trial court properly overruled the defendant's objection to the prosecutor's comment during closing argument as to facts not in evidence, and whether the trial court committed reversible error in denying a requested jury instruction on the credibility of a police officer whose testimony provided the sole basis for conviction. We reverse and remand.

On April 10, 1983, the defendant was arrested for driving while intoxicated. A jury trial was held on November 16, 1983. The State's only witness was the arresting officer, who testified that on April 10, 1983, he observed the defendant's vehicle proceeding in an erratic manner. The officer stated that upon stopping the defendant's vehicle he observed that the defendant's eyes were reddened and glassy, and that he could smell the odor of alcoholic beverages. After the defendant performed poorly on a series of field sobriety tests, he was arrested and brought to the police station. At the station, the defendant refused to submit to a breathalyzer test. The officer, on direct examination, concluded that in his opinion, the defendant was unfit to drive due to intoxication from alcoholic beverages. On cross-examination, the officer revealed that, although he examined the interior of the defendant's vehicle, he could not recall whether there were any alcoholic beverage containers in the vehicle.

During closing argument, defense counsel argued that the officer exaggerated his observations to secure a conviction against the defendant. Counsel argued that although the arrest was approximately seven months prior to trial, the officer was quite clear in recollecting all damaging testimony against the defendant. Defense counsel further argued that when it came to recollecting evidence that might be favorable to the defendant, however (referring to the presence or absence of alcoholic beverage containers in the vehicle), the officer's memory became "fuzzy."

The prosecutor countered defense counsel's argument, in his closing argument, by stating that the officer's recollection of the evi-

dence was "very precise . . . because he reread his report" before testifying. Defense counsel objected to the prosecutor's comment on the ground that no evidence had been introduced during the trial that the officer had ever prepared a report or that he had reread a report prior to testifying. The trial court overruled the objection, and noted the defendant's exception. On appeal, the defendant claims that the trial court erred in overruling his objection.

Related to this is the defendant's second assignment of error, which concerns the trial court's denial of a requested jury instruction. The requested instruction provided: "You should consider the testimony of a police officer as you would any other witness. You should not give any greater or lesser weight to the testimony of a police officer simply because he is a police officer." The defendant argues that given the improper comment of the prosecutor during closing argument, the trial court erred in not giving the special jury instruction. In addressing this issue, we first must determine whether the comment made by the prosecutor during closing argument was improper.

■■ Although counsel is afforded wide latitude during closing argument, it is well settled that counsel may not argue facts that have not been introduced into evidence. *State v. Sands*, 123 N.H. 570, 597–98, 467 A.2d 202, 219 (1983). Counsel, in closing argument may, however, draw reasonable inferences from the facts proven. *State v. Glidden*, 122 N.H. 41, 48, 441 A.2d 728, 732 (1982). Because no police report was mentioned during trial, we cannot conclude that counsel could "testify" and properly draw the inference that a report was reread prior to trial.

■ As the police officer was the sole witness testifying on behalf of the State, the credibility of his testimony was crucial to the outcome of the case. His testimony consisted entirely of his observations of the defendant and his opinion concerning the defendant's fitness to drive. Such is often the case in DWI arrests where the defendant refuses a breathalyzer or blood test. *See State v. Sliz*, 124 N.H. 389, 469 A.2d 1357 (1983). The prosecution's attempt to bolster the credibility of the officer's testimony during closing argument using facts not in evidence was clearly error.

At this point, we reiterate the warning set forth in *State v. Preston*, 121 N.H. 147, 151, 427 A.2d 32, 34 (1981):

"We . . . caution prosecutors to avoid misstatements of evidence, improper argument, or other improper conduct. This court has often addressed complaints by criminal defendants of prosecutorial misconduct, although the alleged mis-

conduct usually has not required us to reverse the convictions. It is only fair to state that, because of the continuing problem, we will take a firmer stand in the future." (Citations omitted.)

██ An improper comment made during closing argument would not, in all instances, require a new trial. Under most circumstances, prompt and appropriate curative instructions may alleviate the damage caused by such conduct. R. McNamara, 2 New Hampshire Practice, Criminal Practice and Procedure § 803, at 19–20, and § 805, at 23–24 (1980). Although a special instruction was requested in the case before us, it was not given. This brings us to the question whether, given the improper conduct of the prosecutor, the trial court erred in not giving the special jury instruction concerning the weight to be accorded the testimony of the police officer.

The jury instruction requested by defense counsel in the instant case is identical to the instruction this court considered in *State v. Jones*, 119 N.H. 114, 398 A.2d 847 (1979). Although under the circumstances of the *Jones* case we found that the court's failure to give such an instruction did not constitute error, we did not have the added element of an improper argument by a prosecutor. In fact, in *Jones* we expressly left open the question whether a special instruction as to the weight to be accorded the testimony of a police officer must be given where there is prosecutorial overreaching, thereby indicating that the result might be different under such circumstances. *Id.* at 115, 398 A.2d at 848. We turn, then, to the question whether the conduct of the prosecutor in the instant case was such that the denial of the requested jury instruction was reversible error.

██ ██ In order for there to be prosecutorial overreaching, the government must have, through gross negligence or intentional misconduct, caused aggravated circumstances to develop which seriously prejudiced a defendant, causing him reasonably to conclude that continuation of the tainted proceeding would result in his conviction. *United States v. Garza*, 674 F.2d 396, 399 (5th Cir. 1982); *United States v. Kessler*, 530 F.2d 1246, 1255–56 (5th Cir. 1976); *United States v. Dinitz*, 424 U.S. 600 (1975). Although the comment made by the prosecutor was improper, we hold that it is not the type of conduct which may be characterized as overreaching. *See State v. Scarlett*, 121 N.H. 37, 39, 426 A.2d 25, 26 (1981). Nevertheless, the prosecutor did act improperly in bolstering the credibility of the State's only witness when he argued facts not in evidence.

We recently have held that in the *voir dire* of a jury, the trial court should grant counsel's proper requests for additional ques-

tions. *State v. Cere,* 125 N.H. 421, 480 A.2d 195 (1984); *State v́. Goding,* 124 N.H. 781, 474 A.2d 580 (1984). Emphasizing that the key to the fundamental right to a fair trial is an impartial jury, we concluded that, under certain circumstances, additional questions may be necessary to expose biases of potential jurors and assure that a jury decides a case solely on the evidence before it.

█ It is equally fundamental that a prosecutor should not argue facts not introduced into evidence. This is "because the jury's verdict must be based upon the legally admissible evidence introduced at trial, and the prosecutor's argument is, in effect, unsworn testimony, not subject to cross-examination." R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 805, at 23 (1980). Thus, a heightened sensitivity is warranted in cases such as the one before us to avoid mere repetition of a boiler plate credibility charge where the jury might be left, through the conduct of the prosecutor, with an unbalanced picture of the credibility of testimony.

The instant case is not one in which there is overwhelming evidence against the defendant. As noted above, the trial below was essentially a trial of one witness' credibility. The prosecutor's improper comment went directly to that credibility. It would be virtually impossible to determine the degree to which the jury may have been influenced by the prosecutor's comment. *See State v. LaBranche,* 118 N.H. 176, 179, 385 A.2d 108, 110 (1978).

█ Accordingly, we conclude that under our harmless error standard, the State has not shown beyond a reasonable doubt that the failure to give the special jury instruction to cure the prosecutor's improper comment did not affect the verdict. *State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976). Given these circumstances, we must reverse the conviction.

*Reversed and remanded.*

All concurred.