Strafford
No. 88-304

THE STATE OF NEW HAMPSHIRE

v.

RICHARD COLBATH

March 8, 1990

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J.   The defendant, Richard Colbath, was charged with aggravated felonious sexual assault in violation of RSA 632-A:2. He was found guilty, but in an earlier appeal to this court the conviction was reversed because of trial court error in refusing to admit certain evidence. *State v. Colbath*, 130 N.H. 316, 540 A.2d 1212 (1988). Upon retrial before a jury in Superior Court (*Temple*, J.), the defendant was again convicted. He appeals his subsequent conviction, arguing that the court erred in refusing to expand *voir dire* in regard to a particular juror to determine whether the judge in a prior unrelated trial, in which the juror was a member of the jury, communicated with the juror at the conclusion of the trial; and, if so, whether the communication affected the juror's impartiality. We affirm the conviction, since the defendant articulated no factual basis to sustain his claim that the juror may not have been impartial.

During jury selection, after the juror over which this issue arose was called, defense counsel brought to the court's attention the fact that the juror in question had been a member of the jury in an earlier case which had resulted in a directed verdict at the close of the State's case. Defense counsel had been attorney for the defense in that case as well as this one. He asked the court to allow him to question the juror about whether the trial judge in the prior case had explained anything to the jury after the directed verdict was entered, or whether that action would cause her to question procedures in this case. Apparently, defense counsel was not present at the alleged communication. He articulated his reasons for his suspicion about the juror's impartiality as follows:

> "[J]ust in order to insure a fair jury on this case, I would like to be able to ask this particular juror whether or not what occurred in the ... case influences in any way the judgment about this case; in particular, what was told to this juror by the Judge in that case regarding why the case was dismissed, any conversations that she may have had with other jurors in the ... case, and anything else that I just don't have information on."

The court denied the request.

RSA 500-A:12 (Supp. 1989) sets out the basic requirements of juror *voir dire*, and these are supplemented with inquiry regarding the presumption of innocence and the burden of proof in criminal cases. *State v. Bone*, 131 N.H. 408, 410, 553 A.2d 775, 777 (1989) (citations omitted). Discretion to expand the scope of *voir*

*dire* questioning lies with the trial court, and we will not second-guess the court's judgment unless it is against the law or the evidence. *Id.* at 410–11, 553 A.2d at 777 (citations omitted). In order to justify further *voir dire* questioning, there must exist an articulable factual basis, specific to a venire panelist or to the circumstances of the case, to conclude that one or more of the panel may be prejudiced or otherwise incompetent. *State v. Wright,* 126 N.H. 643, 648, 496 A.2d 702, 705 (1985).

Defense counsel here articulated no facts showing the challenged juror's prejudice. He stated only that the individual had been a juror in a case which had ended in a directed verdict. He raised merely the possibility that the judge in the prior case had communicated with the jury, but did not explain factually the juror's bias as a result of anything that may have been said. This allegation, unsupported by facts, does not entitle the defendant to expanded *voir dire.*

The defendant argues that under *State v. Castle,* 128 N.H. 649, 652–53, 517 A.2d 848, 850 (1986), any communication *ex parte* that a trial judge has with the jury after they have been sworn, and prior to verdict, is error. Therefore, under *State v. Cere,* 125 N.H. 421, 423, 480 A.2d 195, 197 (1984), the mere possibility of a communication between the judge and the jury is enough to require the subsequent trial judge to expand *voir dire* in order to fulfill the duty to ensure that no unqualified jurors are permitted to serve. This reasoning places undue reliance on *Castle* and *Cere.*

In *Castle,* the trial judge communicated *ex parte* with a juror after the jury had been empaneled, about possible bias. The error lay not so much in the fact of the *ex parte* communication but in the communication's taking place off the record and in the judge's making no attempt to create a record. *Castle, supra* at 652–53, 517 A.2d at 850. *Castle* is not controlling here, because the present trial judge did not have an unrecorded *ex parte* communication with the jury. The defendant's burden on this appeal is to demonstrate that he alleged below a sufficient factual basis to support his contention that the juror in question was biased and that, therefore, the trial court abused its discretion in refusing to expand *voir dire.* Having shown no such bias, whether any communication took place is irrelevant.

Further, *Cere* requires a trial judge, under our system of jury selection in which the court and not counsel questions jurors, to ensure that no unqualified juror serves. *Cere, supra* at 423, 480 A.2d at 197. The duty to expand *voir dire* to ensure that no unqualified juror serves arises, however, only after the court is

alerted, by sufficiently articulated facts, to the possibility of prejudice. *Id.* Again, because the defendant articulated no facts to support his supposition that the juror might have been prejudiced by any earlier communication with the prior trial judge, we uphold the defendant's conviction.

*Affirmed.*

All concurred.