Merrimack
No. 89-332

# The State of New Hampshire

## v.

# Robert J. Mansfield

June 5, 1991

*John P. Arnold,* attorney general (*Jeffrey W. Spencer,* attorney, on the brief and orally), for the State.

*Kenneth P. Anderson,* of Plymouth, by brief and orally, for the defendant.

BROCK, C.J.   The defendant, Robert Mansfield, was convicted after a jury trial in Superior Court (*McHugh,* J.) of second degree assault, RSA 631:2 (current version at Supp. 1990). The defendant appeals his conviction and argues that the trial court erred in denying his motion to dismiss, two motions for mistrial, and two motions for judgment of acquittal notwithstanding the verdict. For the reasons set forth below, we affirm.

In the fall of 1987, the defendant lived with his girl friend, her two-year-old son, and her thirteen-year-old daughter, Jean. One evening, the defendant accused Jean of misbehavior. When she denied any wrongdoing, the defendant shot his .22 caliber pistol at a metal door near where she was standing. Jean immediately felt a pain across her legs and sustained two wounds. This appeal followed the defendant's conviction.

During deliberations, the jury posed the following question to the court: "Is it possible to see the emergency room report written by Dr. Medlecott [sic]?" The judge did not contact the prosecutor or defense counsel, who had been excused for lunch, and responded with the following written answer to the jury: "No, that document was not introduced as an exhibit. You will have to take your recollection of the doctor's testimony as to what the document contained."

Defendant's counsel moved for a mistrial, alleging in non-specific, conclusory terms that the defendant was prejudiced because the trial court responded to the jury question without consulting counsel and improperly answered the question with an explanation beyond a simple "no." The motion was denied, and on appeal the defendant reasserts the arguments he made below and contends for the first time that the trial court's answer improperly led the jury to conclude that the victim's date of birth appeared on the report, and that he was denied due process of law under the State and Federal Constitutions. Because the latter two contentions are raised for the first time

on appeal, we will not consider them. *See State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986); *State v. Laliberte*, 124 N.H. 621, 621–22, 474 A.2d 1025, 1025 (1984).

■ "The standard of review of the denial of a motion for a mistrial is whether the trial court abused its discretion." *State v. Lemire*, 130 N.H. 552, 554, 543 A.2d 425, 426 (1988). We will determine whether the trial court's conduct in answering the question was a "circumstance[ ] which indicat[ed] that justice [was] not . . . done," thereby justifying a mistrial. *State v. Booton*, 114 N.H. 750, 757, 329 A.2d 376, 382 (1974), *cert. denied*, 421 U.S. 919 (1975).

The record indicates that the State sought to introduce the emergency room report into evidence at trial. After defendant's counsel objected to the introduction of the report, the State withdrew its request. We fail to see how the trial judge's answer to the jury's question could have prejudiced the defendant. The trial court simply explained to the jury that they would have to rely on their own recollection of the testimony regarding the document. This answer was not a resolution of a factual issue or a statement which could influence the jurors' exercise of their judgment.

■ The defendant also relies on *State v. Castle*, 128 N.H. 649, 517 A.2d 848 (1986), and *State v. Jones*, 125 N.H. 490, 484 A.2d 1070 (1984), in support of his argument. We distinguish the facts of these cases from those of the case before us. *Castle* involved an *ex parte* meeting between the trial judge and a juror and the judge's refusal to conduct a *voir dire* of the juror. In *Jones*, the trial judge's response to the jury's question had the potential of influencing the jury's factual determinations and was, therefore, held to be an improper resolution of a factual issue by the trial judge. In the case before us, we find no prejudice resulting from the trial judge's answer and that the trial court properly exercised its discretion in denying defendant's motion for mistrial.

■ The defendant next claims that his second motion for mistrial, alleging prosecutorial misconduct, was improperly denied. He asserts that the prosecutor misstated an expert medical witness's testimony when he told the jury that the doctor had said that "what he observed . . . was most likely the result of something passing across her legs at a high velocity." The defendant contends that the expert actually stated, "[T]he most probable thing that could have caused this, my first guess would not have been a bullet wound," and that "something similar" to a bolt would have had the highest proba-

bility of causing the type of wound found on the victim. In support of his position, the defendant relies on *State v. Bujnowski*, 130 N.H. 1, 532 A.2d 1385 (1987), which states: "[I]n order for the court to find 'prosecutorial overreaching, the government must have, through gross negligence or intentional misconduct, caused aggravated circumstances to develop which seriously prejudiced a defendant, causing [the defendant] reasonably to conclude that continuation of the tainted proceeding would result in his conviction.'" *Id.* at 4, 532 A.2d at 1386 (quoting *State v. Lake*, 125 N.H. 820, 823, 485 A.2d 1048, 1051 (1984)).

■■ We keep in mind in considering this argument that "[t]he prosecutor is granted great latitude in closing argument, . . . summarize and discuss the evidence presented to the jury. . . ." *State v. Grote*, 127 N.H. 748, 751, 506 A.2d 346, 348 (1986) (citation omitted). In reviewing the record of the doctor's testimony and the prosecutor's final argument, we note that the doctor stated that the injuries were caused by something traveling fast, which delivered a lot of energy to the tissues. He testified that the wounds could have been caused by the victim running up against a semi-sharp object such as the head of a nail or a bolt. He also stated, on the other hand, that a very small object traveling at a high velocity could have caused the injuries. The record supports the trial court's conclusion that the prosecutor did not misstate the witness's testimony, but rather, properly summarized the testimony. We fail to find any prosecutorial overreaching and, accordingly, hold that the trial court properly denied the defendant's motion for mistrial.

The defendant further claims on appeal that the lack of evidence at trial concerning the victim's birthday is at variance with the indictment and that the trial court should, therefore, have granted either the motion to dismiss or the motion for judgment n.o.v. We need not consider the defendant's claim of error with respect to the motion to dismiss, since the basis of that motion was the defendant's argument to the trial court that the State had failed to prove that he had caused injury to the victim by way of a dangerous weapon, an argument not raised either in the defendant's notice of appeal or in his brief. *State v. Field*, 132 N.H. 760, 764, 571 A.2d 1276, 1278 (1990). After the jury returned its verdict, defense counsel moved for judgment n.o.v., arguing that although the indictment stated that the defendant had caused bodily injury to a juvenile female with a date of birth of June 18, 1973, no evidence had been presented at trial to establish the victim's birthday. The defendant argues that the court's denial of this motion was error.

■■ This court has previously held that allegations in an indictment in excess of those required by the statute defining the offense are surplusage and need not be proven at trial. *State v. LeClair*, 126 N.H. 479, 480, 493 A.2d 498, 499 (1985); *see State v. Pond*, 132 N.H. 472, 475, 567 A.2d 992, 994–95 (1989). The date of birth appearing in the indictment is unnecessary in proving that the defendant committed second degree assault upon the victim. The defendant makes no argument that he did not know the identity of the victim. Accordingly, we find no error in the trial court's denial of the defendant's motion.

The defendant's final contention on appeal is that his second motion for judgment n.o.v. was improperly denied. He argues that the State failed to produce any evidence that he violated the statute referred to in the indictment, RSA 635:2 (criminal trespass). The State responds that the motion was untimely and that the incorrect statutory reference was an error in form not requiring reversal. The State also contends that the defendant introduced evidence to rebut charges of second degree assault, not charges of criminal trespass, and that the error, in any event, did not interfere with the defendant's ability to present his defense.

■ Assuming *arguendo* that the motion was timely, we conclude that it is without merit. The indictment stated clearly that the defendant was charged with second degree assault. The incorrect statutory reference was merely an error of form, not requiring abatement of the indictment. *See* RSA 601:4, :8; *State v. Bean*, 117 N.H. 185, 188, 371 A.2d 1152, 1153 (1977). Accordingly, we find no error in the trial court's denial of this motion.

*Affirmed.*

All concurred.