Hillsborough
No. 86-349

## THE STATE OF NEW HAMPSHIRE

### v.

### RICHARD BUJNOWSKI

October 15, 1987

*Stephen E. Merrill*, attorney general (*Bradford W. Kuster*, assistant attorney general, on the brief and orally), for the State.

*Kinghorn, Maynard, Craighead & Dionne P.A.*, of Nashua (*Rodkey Craighead, Jr.*, on the brief and orally), for the defendant.

THAYER, J. The defendant, Richard Bujnowski, was convicted by a jury of aggravated felonious sexual assault upon his ten-year-old stepson. RSA 632-A:2, XI. The Trial Court (*Pappagianis*, J.) sentenced the defendant to the New Hampshire State Prison for not less than five years and not more than fifteen years. The defendant appeals his conviction on the ground that the trial court erred in not granting a mistrial because the State severely prejudiced the defendant's right to a fair trial by (1) making improper statements to the jury during its opening and closing statements, and (2) failing to produce an investigative police report. Because we find that the prosecutor's improper statements in closing argument require reversal, we need not address the other issues presented by this appeal.

The sordid details of this child molestation case need not be set forth. It is sufficient to examine only the circumstances surrounding the State's closing argument to the jury. During trial, the defense called the defendant's wife to testify with respect, among other things, to statements made by the victim that the assault

never took place and that the story was a fabrication. In his closing argument, the prosecutor commented on Mrs. Bujnowski's testimony:

> "There were some inconsistencies in her testimony, and that it's not unreasonable to ask, was she telling the truth in everything she said? And *I think* for ninety-nine percent of it she was lying. *I think* she's here to protect her husband."

(Emphasis added.) At this point, defense counsel requested a conference at the bench. The defendant objected to the prosecutor's statements and moved for a mistrial. The court denied the defendant's motion, but agreed to give a curative instruction at the close of the State's argument. Out of the hearing of the jury, the court instructed counsel that:

> "There are cases which say the lawyer, in this case a prosecutor, should not give his personal opinion. It comes to mind as cases where the prosecutor says that his personal opinion is that the defendant is guilty. I don't recall any cases where the prosecutor says that he thinks a witness is lying. Then again, I say that is not the law. I don't know."

The prosecutor then issued a retraction to the jury. He told the jury that he had made a mistake by stating his opinion as to the veracity of Mrs. Bujnowski's testimony. However, in spite of the prosecutor's own admission of fault, he proceeded to assert his opinion as to the veracity of the witness' testimony, stating that:

> "*I think* the evidence was clear on that particular matter, also the inconsistencies regarding the statements that she gave to [the police officer]. *I think* like Mr. Bujnowski, she has the gumption to say everybody in this case is lying except for the two of them."

(Emphasis added.) The prosecutor concluded by stating that "*I think* [the defendant is] guilty. . . ." (Emphasis added.) The defendant renewed his motion for mistrial and objected to the curative effect of an instruction to the jury. The court denied both and, after the State concluded its closing argument, stated to the jury:

> "[The prosecutor] has already said that this was an error when he gave you his personal opinion of what he believed or what witnesses he believed. And he's right. No lawyer should give you his personal opinion of what

evidence he believes or of what witnesses he believes. No judge should give a personal opinion. It doesn't matter what the lawyers think, or what the judge thinks. The question of who was to be believed and what is to be believed is for the jury. It's for you; so I ask you that you ignore what [the prosecutor] said was his personal opinion, as he himself has also asked that you ignore."

The defendant argues here that he was seriously prejudiced by the prosecutor's assertion of his own personal opinion as to the credibility of the witness and the guilt of the accused. He argues, further, that because of this type of prosecutorial overreaching, the curative instruction given by the trial court was ineffective to negate the impact on the jury, and that a new trial is therefore required. We agree.

██ In order for the court to find "prosecutorial overreaching, the government must have, through gross negligence or intentional misconduct, caused aggravated circumstances to develop which seriously prejudiced a defendant, causing [the defendant] reasonably to conclude that continuation of the tainted proceeding would result in his conviction." *State v. Lake*, 125 N.H. 820, 823, 485 A.2d 1048, 1051 (1984). An improper comment made by the State during closing argument may, under certain circumstances, constitute prosecutorial overreaching requiring a new trial. *See Lake, supra* at 823, 485 A.2d at 1050.

██ It is well settled that it is improper for prosecutors to profess to the jury their personal opinions as to the credibility of a witness or the guilt of the accused. *See United States v. Gonzalez Vargas*, 558 F.2d 631 (1st Cir. 1977). As a matter of professional ethics, "[a] lawyer shall not . . . in trial . . . state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused. . . ." N.H. RULE OF PROFESSIONAL CONDUCT 3.4(e). "It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *United States v. Young*, 470 U.S. 1, 8 (1984) (quoting ABA STANDARDS FOR CRIMINAL JUSTICE 3-5.8(b) (2d ed. 1980)).

██ The rationale for this rule is multi-fold. First, the public prosecutor is likely to be seen by the jury as an authority figure whose opinion carries considerable weight. "[T]he representative of the government approaches the jury with the inevitable asset of

tremendous credibility—but that personal credibility is one weapon [that] must not [be used]." *Gonzalez Vargas, supra* at 633. Furthermore, the role of a prosecutor differs from that of the usual advocate in that a prosecutor's "duty is to seek justice, not merely to convict." *State v. Preston,* 121 N.H. 147, 151, 427 A.2d 32, 34 (1981) (quoting ABA CODE OF PROFESSIONAL RESPONSIBILITY, EC 7-13).

In the present case, the prosecutor committed prosecutorial overreaching by causing, through gross negligence or intentional misconduct, aggravated circumstances to develop which in turn caused prejudice to the defendant. *See Lake,* 125 N.H. at 823, 485 A.2d at 1051. First, the prosecutor wrongfully informed the jury of his personal opinion as to the credibility of a witness' testimony. After acknowledging his mistake, the prosecutor continued to assert his personal opinion regarding the credibility of the testimony of that witness and of other witnesses. Second, the court had previously informed the prosecutor that it would be improper for him to express his opinion as to the guilt of the defendant. In spite of this, the prosecutor boldly declared to the jury, "I think he's guilty." The prosecutor continued in this improper manner in spite of both the court's admonition and his own admission of error to the jury.

The State contends that the prosecutor's statements do not rise to the level of prosecutorial overreaching requiring reversal. It argues that the prosecutor's own retraction and the court's curative instruction negated any adverse impact that may have tainted the jury's verdict. The State relies on cases, including *Lake* and *Preston,* which involved limiting instructions given after comments made by prosecutors on facts not in evidence. Here we are not concerned with comments concerning facts not in evidence, but rather with comments made by the prosecutor regarding his personal opinion as to a witness' credibility and the defendant's guilt. Such intentional and egregious misconduct goes far beyond the curable misconduct of stating facts not in evidence. We certainly do not condone the practice of arguing facts not in evidence, nor do we suggest that doing so will never require reversal. Rather, we see the case before us as going beyond the excusable improprieties found in the cases cited by the State.

This court has previously admonished prosecutors for improper conduct during closing argument. *See State v. Preston,* 121 N.H. at 151, 427 A.2d at 34. Here we are concerned not only with the fact that the prosecutor, during his closing argument,

presented the jury with his own personal opinions of a witness' credibility and of the defendant's guilt, but also with the fact that the prosecutor continued to present his personal opinions even after the trial court told him that his statements were improper. Even though the prosecutor acknowledged his misconduct before the jury and retracted his improper statements, he continued to act improperly. Normally, curative instructions can negate misconduct. We do not decide whether the prosecutor's initial misconduct was sufficient to cause prejudice to the defendant. Though the prosecutor's initial misconduct may or may not have been enough to require reversal, we are here faced with a different situation. In this case such intentional, repetitive misconduct may well have rendered the court's curative instructions meaningless.

█ The State argues that even if an error exists, it was harmless. The burden of establishing that the error was harmless beyond a reasonable doubt rests upon the State. *State v. Scarlett,* 118 N.H. 904, 907, 395 A.2d 1244, 1246 (1978). We will order a new trial if the State is not able to show "beyond a reasonable doubt that the [improper statements] did not affect the verdict." *State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976).

█ The State has not shown beyond a reasonable doubt that the statements by the prosecutor, even in light of the retraction and the curative instruction, did not affect the verdict. As in *Lake,* 125 N.H. at 824, 485 A.2d at 1051, the trial was essentially a trial of the witnesses' credibility, and the prosecutor's improper comments went directly to that credibility. Here we cannot determine the extent to which the jury may have been influenced by the prosecutor's comments; therefore, we reverse the conviction and remand for a new trial.

Finally, we return to our admonition in *Preston supra,* where we noted that we would take a "firmer stand" on future prosecutorial misconduct. This decision reaffirms our conclusion in *Preston.* We consider it unfortunate, indeed deplorable, that the time of the "court, jurors, counsel, and court personnel [was] wasted by the unthinking phrasing of a few moments, in utter disregard" of our past admonitions. *Gonzalez Vargas,* 558 F.2d at 633.

*Reversed and remanded.*

All concurred.