Hillsborough
No. 92-154

THE STATE OF NEW HAMPSHIRE

v.

NORMAND TURGEON

August 19, 1993

*Jeffrey R. Howard*, attorney general (*Jeffrey W. Spencer*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   On September 23, 1991, the defendant, Normand Turgeon, was convicted in Superior Court (*Groff*, J.) of arson, RSA 634:1 (1986). The defendant unsuccessfully moved to set aside the jury verdict on the ground that the prosecutor's closing argument improperly commented on the defendant's failure to testify. For the following reasons, we affirm.

During the defendant's opening statement, counsel suggested that the defendant was intoxicated and that the fire started by accident. The prosecutor, in the State's closing argument, responded to the defense counsel's suggestions of accident as follows:

> "The defense said to you . . . in [her] opening that the . . . defendant could have started this fire *by mistake*. Well, did you hear any evidence of that? Was . . . there even any evidence presented to you that this fire was started by mistake? *Did Mr. Turgeon tell you that he started this fire by mistake?*"

(Emphasis added.) The trial judge immediately instructed the jury:

> "Ladies and gentlemen, as I'm also going to instruct you in this case and *as you already know*, defendant has no obligation to present any evidence and no obligation to testify, and I will instruct you at length about that, so I'm going to ask you to disregard anything you've heard in argument of counsel relative to anything that Mr. Turgeon should have said or could have said."

(Emphasis added.) The trial judge also instructed the jury at the close of trial regarding the defendant's right not to testify.

The prosecutor continued her closing argument after the instruction:

> "[W]hen defense counsel stands up and tells you this fire could have been started by mistake, I ask you: Look at what Mr. Turgeon has told you *through the police and through that tape.*
>
> . . . [L]ook at what was told to you in defendant's opening argument and compare it to what was told to you through Mr. Turgeon through the police, and in [the videotape at the police station]. . . ."

(Emphasis added.)

On appeal, the defendant argues that the prosecutor's first remark constituted impermissible comment on the defendant's failure to testify. The defendant further contends that any curative effect of the judge's immediate instruction was negated by the prosecutor's subsequent remarks in closing argument, and thus reversal of the defendant's conviction is warranted.

■■ The defendant must satisfy two preconditions before triggering a State constitutional analysis: "first, the defendant must raise the State constitutional issue below; second, the defendant's brief must specifically invoke a provision of the State Constitution." *State v. Fowler*, 132 N.H. 540, 545, 567 A.2d 557, 560 (1989) (quotation omitted). While the defendant raised a State constitutional provision below, he has failed to fulfill the second precondition. He makes no reference to any State constitutional provision in his brief, nor does he make even a general reference to State constitutional grounds. *Cf. State v. Ramos*, 131 N.H. 276, 281, 553 A.2d 275, 279 (1988). Thus, because the defendant has not met his procedural burden to properly raise a State constitutional issue, we will address his federal claim only. *See Fowler*, 132 N.H. at 545, 567 A.2d at 560.

We construe the defendant's argument as raising his sixth amendment right to a fair trial under the Federal Constitution. He contends that the alleged prosecutorial misconduct denied him a fair trial and thus the judge erred in denying his motion to set aside the verdict. The determination of whether to set aside the verdict lies within the sound discretion of the trial court, a decision we will reverse only if we find an abuse of discretion. *See State v. Houle*, 120 N.H. 160, 161, 412 A.2d 736, 737 (1980).

■ As a general rule, a prosecutor is forbidden from commenting on a defendant's failure to testify at trial. *See Griffin v. California*, 380 U.S. 609, 615 (1965). The defendant argues that this court has dealt only with prosecutorial commentary on the defendant's failure to call witnesses, however, and not with comments upon defendant's failure to testify. The defendant further contends that a prompt curative instruction by itself does not bar reversal or, in other words, he argues that such an instruction by itself will not always cure an impermissible comment.

■ A prosecutor's impermissible comment may require a new trial either because the misconduct "so poisoned the well that the trial's outcome was likely affected" or "the breach was so egregious that reversal becomes a desirable sanction to forestall future pros-

ecutorial trespasses." *United States v. Mejia-Lozano*, 829 F.2d 268, 274 (1st Cir. 1987); *see United States v. Ingraldi*, 793 F.2d 408, 416 (1st Cir. 1986). In making this determination, we look at the prosecutor's alleged misconduct and balance several factors: "the severity of the misconduct, whether it was deliberate or accidental, the context in which it occurred, the likely curative effect of the judge's admonitions and the strength of the evidence against the defendant." *Ingraldi*, 793 F.2d at 416; *see United States v. Cox*, 752 F.2d 741, 745 (1st Cir. 1985). Examining the record with these factors in mind leads us to conclude that a new trial is not warranted.

■ We recognize that the misconduct in the case at bar could be considered a violation of the basic rule prohibiting prosecutorial comment on the defendant's failure to testify. *See Griffin*, 380 U.S. at 615. Although the jury could have understood the prosecutor's first comment as referring to the evidence presented in the defendant's case, the jury also could have interpreted the remark as pointing out the fact that the defendant failed to testify and tell the jury that he started the fire by mistake. The defendant argues that the prosecutor's subsequent remarks were further impermissible comments, constituting misconduct severe enough to effectively nullify the instruction's remedial effect. While we have recognized that "intentional, repetitive misconduct" by a prosecutor may require reversal, *see State v. Bujnowski*, 130 N.H. 1, 5–6, 532 A.2d 1385, 1387–88 (1987) (prosecutor's continued misconduct rendered trial court's curative instruction meaningless), such is not the case here. In the case at bar, the prosecutor's subsequent remarks were fair commentary. By raising accident as a defense, the defendant "opened the door" to the prosecutor's subsequent remarks. *See Fowler*, 132 N.H. at 546, 567 A.2d at 560. Thus, the prosecutor's misconduct was merely an isolated instance and not the type of repetitive or severe misconduct that could negate the curative effect of the trial court's instruction.

Second, we examine whether the prosecutor deliberately commented on the defendant's failure to take the stand. In *Cox supra*, the prosecutor prefaced his improper comment with statements explaining that defendants need not present any defense. The First Circuit found this prefatory remark indicative of the prosecutor knowing his comment was dangerously close to the *Griffin* proscription. *Cox*, 752 F.2d at 745. In the present case, there were no prior remarks which would indicate that the prosecutor was acting deliberately. The prosecutor's comment appears to have been inadvertent, rather than deliberate misconduct.

We next consider the likely curative effect of the trial judge's instruction. We have recognized that under federal law an immediate curative instruction can adequately remedy improper prosecutorial commentary. *See Fowler*, 132 N.H. at 547, 567 A.2d at 561; *State v. Lovely*, 124 N.H. 690, 697, 480 A.2d 847, 851 (1984); *State v. Fowler*, 110 N.H. 110, 113, 261 A.2d 429, 431 (1970). The trial judge's instruction, as in *Cox*, was "immediate, definitive, and strong." *Cox*, 752 F.2d at 746. Moreover, in the case at bar, the trial judge reinforced his curative instruction by his final charge to the jury when he again explained that the defendant has the right not to testify and has no obligation to present any evidence or prove his innocence.

The evidence against the defendant was quite strong. The testimony revealed that the defendant walked out of his bedroom and left the apartment, with no one else entering the bedroom. A few minutes later the remaining occupants heard crackling noises. They looked into the defendant's bedroom and found black smoke filling the room and flames emanating from the closet. The defendant was arrested later that night and an inventory search of the defendant produced a lighter. A fire inspector testified that the fire was started intentionally and had originated in the closet in the defendant's bedroom. The inspector explained that the fire was started in the closet by an open flame, either a match or lighter, which was held against the clothes for three to six seconds. Finally, our consideration of the context in which the prosecutor made the improper comment confirms our conclusion that the comment did not prejudice the outcome of the trial and was not so egregious as to require reversal. *Cf. United States v. Lilly*, 983 F.2d 300, 308 (1st Cir. 1992).

After balancing these factors, we hold that the trial judge did not abuse his discretion in denying the defendant's motion to set aside the verdict. Accordingly, we affirm.

*Affirmed.*

All concurred.