Devens v. Stern                          CV-93-66-SD    04/12/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


James W. Devens

     v.                                          Civil No. 93-66-SD

Dr. Barry Stern


O R D E R


In this civil action brought under 42 U.S.C. § 1983, pro se plaintiff James W. Devens asserts that defendant Dr. Barry Stern violated his Eighth Amendment rights by failing or refusing to provide needed medical treatment.

Presently before the court is defendant's motion for summary judgment.  Plaintiff's objection to said motion was due on March 27, 1995.  As of the date of this order, no such objection has been filed with this court.


Discussion

By order dated November 9, 1994, the court gave plaintiff until December 9, 1994, to identify those physicians who treated him subsequent to his transfer from the Cheshire County Correctional Facility to the New Hampshire State Prison and to furnish signed authorizations to defendant's counsel for the

procurement of their records.  The order further notified plaintiff that failure to comply with such directives would result in the granting of defendant's September 30, 1994, motion to preclude plaintiff's use of these physicians as expert witnesses.

As a result of plaintiff's subsequent failure to comply with the terms of the court's November 9, 1994, order, the court granted defendant's motion to preclude the introduction of expert testimony on plaintiff's behalf on December 21, 1994.

Defendant now moves for summary judgment on the ground that plaintiff's claims must be supported by expert testimony.

## 1.  Medical Malpractice Claims

Defendant asserts that to the extent plaintiff's complaint contains one or more claims for medical injury subject to New Hampshire Revised Statutes Annotated (RSA) 507-E:2, such claims cannot survive without expert testimony.

RSA 507-E:2 states, in pertinent part,

> I.  In any action for medical injury, the plaintiff shall have the burden of proving by affirmative evidence <u>which must include expert testimony of a competent witness or witnesses</u>:
>     (a) The standard of reasonable professional practice in the medical care provider's profession or specialty thereof, if any, at the time the medical care in question was rendered; and

2

> (b) That the medical care provider
> failed to act in accordance with such
> standard; and
> (c) That as a proximate result thereof,
> the injured person suffered injuries
> which would not otherwise have occurred.

RSA 507-E:2, I (Supp. 1994) (emphasis added).  See also Thorpe v. Department of Corrections, 133 N.H. 299, 304, 575 A.2d 351, 353-54 (1990) (in medical malpractice cases, medical expert testimony is required to establish that plaintiff's injury was proximately caused by defendant's negligence "if 'any inference of the requisite causal link must depend on observation and analysis outside the common experience of jurors'" (quoting Martin v. Wentworth-Douglas Hosp., 130 N.H. 134, 136, 536 A.2d 174, 175 (1987))).

As a result of his failure to make a timely disclosure of his experts, Devens is precluded from presenting expert testimony to support his claims.  Therefore, to the extent Devens is asserting medical malpractice claims against Dr. Stern which are subject to RSA 507-E:2, defendant's motion for summary judgment must be and herewith is granted as to said claims.


2.  Eighth Amendment Claims

Defendant asserts that he is also entitled to summary judgment on plaintiff's Eighth Amendment claims due to plaintiff's lack of expert medical testimony because such claims

3

involve matters outside the common experience and knowledge of lay jurors.

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, <u>Robinson v. California</u>, 370 U.S. 660, 666 (1962), prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." <u>Wilson v. Seiter</u>, 501 U.S. 294, 296-97 (1991).  It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Farmer v. Brennan</u>, ___ U.S. ___, ___, 114 S. Ct. 1970, 1974 (1994).  In the context of medical care, this means that a prison official violates the Eighth Amendment if he is "deliberately indifferent" to the "serious medical needs" of a prisoner.  <u>Helling v. McKinney</u>, ___ U.S. ___, ___, 113 S. Ct. 2475, 2480 (1993); <u>DesRosiers v. Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991).

### a.  Serious Medical Need

In order for an Eighth Amendment claim to succeed, "the deprivation alleged must be, objectively, 'sufficiently serious' . . . ." <u>Farmer</u>, <u>supra</u>, ___ U.S. at ___, 114 S. Ct. at 1977 (quoting <u>Wilson</u>, <u>supra</u>, 501 U.S. at 298).  For a claim based on failure to provide medical care, plaintiff must prove that he had

4

a "serious medical need" for such care.

"A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Salem, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). See also Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977). "The 'seriousness' of an inmate's needs may also be determined by reference to the effect of the delay of treatment." Gaudreault, supra, 923 F.2d at 208. Applying these standards, the court finds that although expert medical testimony could certainly bolster a prisoner's Eighth Amendment claim, such testimony is not required to establish that the prisoner had a serious medical need.

### b. Deliberate Indifference

To establish "deliberate indifference," plaintiff is required to prove that the defendant acted "with a sufficiently culpable state of mind." Farmer, supra, ___ U.S. at ___, 114 S. Ct. at 1977 (quoting Wilson, supra, 501 U.S. at 297); see also DesRosiers, supra, 949 F.2d at 18.

The test for "deliberate indifference" recently adopted by

5

the Supreme Court for Eighth Amendment cases is the subjective recklessness standard used in criminal law. Farmer, supra, ___ U.S. at ___, 114 S. Ct. at 1980. Under this test, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id., 114 S. Ct. at 1981. "Whether a prison official had the requisite knowledge of a substantial risk [is] a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (citation omitted). The First Circuit, applying the subjective criminal recklessness standard, has held that "[t]he requisite state of mind may be manifested by the officials' response to an inmate's known needs or by denial, delay, or interference with prescribed health care." DesRosiers, supra, 949 F.2d at 19.

Based on this guidance from the Supreme Court and the First Circuit, the court finds that expert medical testimony is not required to establish "deliberate indifference." E.g., Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994) (expert testimony not required in § 1983 action based on prison official's deliberate

indifference to prisoner's serious medical needs), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 1108 (1995). Defendant's motion is therefore denied as to plaintiff's Eighth Amendment claims.[*]


## Conclusion

For the reasons set forth herein, defendant's motion for summary judgment (document 55) is granted in part and denied in part.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

April 12, 1995

cc:  James W. Devens, pro se
     John A. Lassey, Esq.

_____

[*]Defendant's argument in favor of granting summary judgment as to plaintiff's Eighth Amendment claims assumes that said claims are not subject to RSA 507-E. On this issue, the court notes that the deliberate indifference standard is much stricter than the negligence standard applied to medical malpractice claims. <u>E.g.</u>, <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); <u>DesRosiers</u>, <u>supra</u>, 949 F.2d at 19 ("inadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference"). Accordingly, the court holds that the expert testimony requirement set forth in RSA 507-E:2 and applicable to medical malpractice claims in New Hampshire does not apply to plaintiff's Eighth Amendment claims.

7