Carroll
No. 96-026

THE STATE OF NEW HAMPSHIRE

v.

CHARLES BOETTI

August 14, 1997

256

*Steven M. Houran*, acting attorney general (*Charles T. Putnam*, senior assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices,* of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, Charles Boetti, was convicted of two counts of aggravated felonious sexual assault after a jury trial in Superior Court (*O'Neill,* J.). *See* RSA 632-A:2 (1996). He appeals his convictions on two grounds: (1) the trial court's curative instructions during the prosecutor's closing argument were inadequate; and (2) the trial court erred in denying his motions for a mistrial and to set aside the verdicts because the prosecutor's closing argument was improper. We affirm.

## I

The defendant was charged with engaging in various sexual acts with the fourteen-year-old victim over a four-day period while he was looking after her during her mother's hospitalization. During the prosecutor's closing argument, defense counsel made several objections, most of which were sustained. The defendant first objected to the prosecutor's declaration that "the evidence we heard last week, I don't think it was innuendo." The trial judge sustained the objection and advised the prosecutor to avoid rendering personal opinions on the evidence. The defendant next objected to the prosecutor's statement that the jury should "stand up" for the victim who was standing up for herself and "other possible victims." This objection was overruled. When the prosecutor subsequently attempted to define a term in the sexual assault statute, another objection was raised. The defendant observed that the trial court had previously rejected the State's request to read the proffered definition of cunnilingus as a jury instruction. The trial court sustained the objection. The prosecutor then told the jury that the State did not have to establish any penetration to prove cunnilingus, and the defendant both objected and moved for a mistrial. The court sustained the objection but denied the motion.

The State's closing argument came to a halt again when the prosecutor argued that the defense strategy in the case did not serve "a truth-seeking function." The court sustained the defendant's objection. A comment about the implausibility of a defense argument brought an objection that the prosecutor was improperly shifting the burden of proof. The objection was overruled, but the court informed the prosecutor that "if you go any farther, you might have problems, counsel." The next objection followed the prosecutor's attempt to downplay the absence of certain incriminating evidence by speculating about possible defense responses to such

evidence. The objection was sustained. The final objection came when the prosecutor told the jury that even when the victim was "given the opportunity to say bad things about the defendant, she was very honest." The objection was sustained. At the completion of the prosecutor's closing argument, the court held a bench conference to announce its finding "that the curative instructions provided [earlier] . . . [would] allow the jury to make a fair and just verdict." The defendant excepted to this ruling by renewing his motion for a mistrial.

In total, the trial court sustained six objections to the State's closing argument and overruled another with a caveat. After each sustained objection, the court instructed the jury to disregard the prosecutor's last statement. While on one occasion the defendant sought more substantial curative instructions, the trial court did not oblige. When charging the jurors on the law, the court instructed them that they were to follow the court's legal definitions, "and ignore [any contrary] statements of the lawyers." Following the jury's guilty verdicts, the defendant moved to set them aside on the basis that the prosecutor's closing argument, taken as a whole, "rendered the Court's curative instruction[s] meaningless." The court denied the motion, again finding that "the curative instruction(s) provided at trial effectively negated any unfair prejudice to the Defendant." This appeal followed.

## II

The State contends that the defendant did not object to the adequacy of the trial court's curative instructions, and, therefore, the issue is not preserved for appeal. *See State v. Preston*, 121 N.H. 147, 150, 427 A.2d 32, 34 (1981). We agree with the State that the defendant waived any objection to the bulk of the curative instructions because no timely objections were taken to their content. We conclude, however, that the defendant adequately preserved his request for a more substantial curative instruction when the prosecutor asserted that the defense strategy did not serve "a truth-seeking function." During the bench conference following the objection, defense counsel initially requested an instruction indicating that he had done nothing unethical or deceitful. When the court advised counsel that it would simply instruct the jury to disregard the prosecutor's statement, the defense again sought a more substantial curative instruction. Apparently reasoning that the specific instruction requested by the defense was unnecessary, the court told the jury to disregard the prosecutor's comment. While

the State argues that the defendant should have objected again, we conclude that he was under no obligation to do so once it became apparent that the trial judge had conclusively decided to simply instruct the jury to disregard the prosecutor's last remark. *Cf. State v. Simonds*, 135 N.H. 203, 205, 600 A.2d 928, 929 (1991). Accordingly, we focus our attention on the substance of the defendant's argument.

■■  When reviewing the sufficiency of a curative jury instruction in the context of a prosecutor's improper remark, the trial court is granted considerable deference, and its ruling will only be reversed if the content of the instruction evidences an abuse of discretion. *See State v. Zapata*, 687 A.2d 1025, 1033 (N.J. Super. Ct. App. Div. 1997); *cf. State v. McRae*, 141 N.H. 106, 114, 677 A.2d 698, 704 (1996). The adequacy of a particular jury instruction necessarily depends on "the capacity of the offending [comment] to lead to a verdict that could not otherwise be justly reached." *Zapata*, 687 A.2d at 1033 (quotation omitted). While there may be some instances in which curative instructions would be inadequate as a matter of law, *cf. State v. Sammataro*, 135 N.H. 579, 582, 607 A.2d 135, 136 (1992), we base our review on the familiar presumption that jurors follow the trial court's instructions. *See State v. Smart*, 136 N.H. 639, 650, 622 A.2d 1197, 1204, *cert. denied*, 510 U.S. 917 (1993); *Watkins v. Railroad*, 84 N.H. 124, 128, 146 A. 865, 867 (1929).

■  The prosecutor's assertion that the defense strategy in the case did not serve "a truth-seeking function" improperly placed the professional standards and integrity of defense counsel before the jury. Because the prosecutor had not made any such charges earlier in her closing argument, and the defendant's prompt objection brought any potential embellishment of the charge to a quick halt, the trial court could reasonably find, under all the circumstances, that its jury instruction was adequate to eliminate any prejudice caused by the prosecutor's statement. We cannot say that such a conclusion constituted an abuse of discretion, and therefore proceed to an examination of the trial court's rulings on the defendant's motions for a mistrial and to set aside the verdicts.

### III

■  We review the trial court's rulings on the motions for a mistrial and to set aside the verdicts under the same legal standard: in both instances we will only overturn the trial court's ruling if we are convinced that the court abused its discretion. *See State v.*

*Turgeon*, 137 N.H. 544, 546, 630 A.2d 276, 277 (1993) (motion to set aside verdict); *State v. Hunter*, 132 N.H. 556, 561, 567 A.2d 564, 568 (1989) (mistrial). Therefore, we address both within our discussion of the motion for a mistrial.

### A

■ A county attorney, like any public prosecutor, differs from the usual advocate in that his or her duty is to seek justice, not merely to obtain convictions. *Preston*, 121 N.H. at 151, 427 A.2d at 34. As the United States Supreme Court said over sixty years ago, "[i]t is as much [a prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935), *overruled on other grounds by Stirone v. United States*, 361 U.S. 212 (1960). Improper argument, while objectionable in any case, is especially troublesome when made by a prosecutor, as the "prosecutor is likely to be seen by the jury as an authority figure whose opinion carries considerable weight." *State v. Bujnowski*, 130 N.H. 1, 4, 532 A.2d 1385, 1387 (1987). In examining claims of prosecutorial misconduct during closing argument, we face the delicate task of balancing a prosecutor's broad license to fashion argument with the need to ensure that a defendant's rights are not compromised in the process. *Cf. Turgeon*, 137 N.H. at 547, 630 A.2d at 277-78; *State v. Sylvia*, 136 N.H. 428, 431, 616 A.2d 507, 509 (1992).

■■ A prosecutor's actions may constitute overreaching when, through intentional misconduct or gross negligence, the prosecutor has produced a situation in which the defendant could "reasonably . . . conclude that continuation of the tainted proceeding would result in his conviction." *Sylvia*, 136 N.H. at 431, 616 A.2d at 509 (quotation omitted). Intentional or repetitive misconduct by a prosecutor may require reversal of a conviction. *See Bujnowski*, 130 N.H. at 5-6, 532 A.2d at 1387-88. Reversal may also be appropriate when the prosecutor's conduct "was so egregious that reversal becomes a desirable sanction to forestall future prosecutorial trespasses." *United States v. Mejia-Lozano*, 829 F.2d 268, 274 (1st Cir. 1987). Professional disciplinary proceedings may also be brought against prosecutors who repeatedly ignore basic rules of advocacy. *See Preston*, 121 N.H. at 151, 427 A.2d at 34. In addition, unusually brazen misconduct may suitably be punished through the trial court's contempt powers. *Cf. State v. Killam*, 133 N.H. 458, 464, 578 A.2d 850, 853 (1990). In less extreme situations, misconduct may

be rectified through the use of curative jury instructions, *see Turgeon*, 137 N.H. at 548, 630 A.2d at 278, and the trial court may also instruct the prosecutor to retract an offending statement before the jury. *Cf. Bujnowski*, 130 N.H. at 3, 532 A.2d at 1386; *Preston*, 121 N.H. at 150, 427 A.2d at 34.

■ A review of the record in this case reveals that some of the prosecutor's statements were, in fact, improper. It is inappropriate "for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence." *Bujnowski*, 130 N.H. at 5, 532 A.2d at 1387 (quotation omitted); *see also* N.H. R. PROF. CONDUCT 3.4(e). The county attorney's representation that the victim testified honestly is apparently at odds with this acknowledged principle. Similarly, the prosecutor's apparent attempt to circumvent the trial court's rulings on jury instructions, by offering a definition which the court had previously rejected, is equally disturbing. Having been rebuffed in her attempt to have a definition read as a jury instruction, the prosecutor was certainly on notice that it would be improper to read the definition during her closing argument. Moreover, personal attacks directed to the ethics and integrity of opposing counsel are unquestionably inappropriate.

B

■ A determination that portions of the prosecutor's closing argument were inappropriate does not, however, end our analysis; we must also determine whether a mistrial was required as a consequence. *See State v. Lake*, 125 N.H. 820, 823, 485 A.2d 1048, 1050 (1984); *cf. Border Brook Terrace Condo. Assoc. v. Gladstone*, 137 N.H. 11, 16, 622 A.2d 1248, 1251 (1993) (noting that a mistrial is an exceptional remedy). "Mistrial is the proper remedy only if the evidence or comment complained of was not merely improper, but also so prejudicial that it constitutes an irreparable injustice that cannot be cured by jury instructions." *State v. Giordano*, 138 N.H. 90, 94, 635 A.2d 482, 484 (1993) (quotation omitted). The trial court is in the best position to determine what remedy will adequately correct the prejudice created by a prosecutor's remarks, and absent an abuse of discretion, we will not overturn its decision. *See State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 480 (1991).

As noted, the trial court ruled that "the curative instruction(s) provided at trial effectively negated any unfair prejudice to the Defendant." This ruling finds support in the fact that the misconduct in this case did not rise to the level of misconduct which necessitated a mistrial in *Bujnowski. Bujnowski*, 130 N.H. at 5-6,

532 A.2d at 1387-88. While certain of the prosecutor's statements arguably exceeded those we have previously found curable through jury instructions, *e.g., Preston,* 121 N.H. at 150-51, 427 A.2d at 34, we will not overturn the trial court's decision simply because we might have reached a different result. *See Chinburg v. Chinburg,* 139 N.H. 616, 619, 660 A.2d 1127, 1129 (1995). The trial court is necessarily accorded broad latitude in the exercise of its discretion.

In this case, the court could reasonably conclude that the prosecutor's actions, taken as a whole, did not rise to the level of intentional misconduct or gross negligence which mandates a new trial. *Cf. Sylvia,* 136 N.H. at 431, 616 A.2d at 509. Further, we note that the prosecutor's challenged comments followed defense counsel's vigorous closing argument, in which he alleged that the victim had fabricated her story, asserted that the prosecutor had put on a case that consisted of nothing but innuendo, and, in a display of extremely questionable hyperbole, implied that if the members of the jury did not "stand up" for the defendant they would resemble those who did not speak out against the Holocaust. The prosecutor, however, did not raise any objection to these statements. While we do not countenance fighting fire with fire when to do so entails improper argument, we appreciate the trial court's need to fashion a remedy that both acknowledges the context in which the prosecutor's statements occurred, and allows the State to adequately respond to aggressive argument. *See Turgeon,* 137 N.H. at 547, 630 A.2d at 278; *State v. Fowler,* 132 N.H. 540, 546, 567 A.2d 557, 560 (1989). In short, while some of the prosecutor's closing argument crossed the line of proper advocacy, we cannot say that the trial court's actions evidence an abuse of discretion.

*Affirmed.*

BROCK, C.J., concurred specially; the others concurred.

BROCK, C.J., concurring specially: I agree with the majority's conclusion that, although certain of the county attorney's statements during closing argument constituted prosecutorial misconduct, the defendant's convictions ought to be affirmed. *Cf. State v. Bujnowski,* 130 N.H. 1, 4-6, 532 A.2d 1385, 1386-88 (1987). I write separately because (1) I believe the majority opinion does not adequately state or clearly apply the controlling law, and (2) I believe that the majority opinion does not make sufficiently clear how related the county attorney's remarks were to the prior remarks of defense counsel in *his* closing argument.

Our standard for finding prosecutorial misconduct is well established:

> A prosecutor may draw reasonable inferences from the facts proven, and has great latitude in closing argument to both summarize and discuss the evidence presented to the jury and to urge the jury to draw inferences of guilt from the evidence. To constitute prosecutorial misconduct, the government must, either intentionally or through gross negligence, have caused aggravated circumstances to develop which seriously prejudiced a defendant, causing him reasonably to conclude that continuation of the tainted proceeding would result in his conviction.

*State v. Vandebogart*, 139 N.H. 145, 160, 652 A.2d 671, 680 (1994) (citation and quotations omitted). The majority opinion omits reference to the requirement that the aggravated circumstances resulting from the prosecutor's conduct seriously prejudice the defendant. *See, e.g., id.* The majority opinion also misstates the balance that this court seeks to strike when determining whether "[a] prosecutor's impermissible comment may require a new trial." *State v. Turgeon*, 137 N.H. 544, 546, 630 A.2d 276, 277 (1993). We do not balance the "prosecutor's broad license to fashion argument [against] the need to ensure that a defendant's rights are not compromised in the process." Rather, as we stated in the context of a prosecutor's impermissible comment on a defendant's failure to testify at trial,

> we look at the prosecutor's alleged misconduct and balance several factors: the severity of the misconduct, whether it was deliberate or accidental, the context in which it occurred, the likely curative effect of the judge's admonitions and the strength of the evidence against the defendant.

*Id.* at 547, 630 A.2d at 277-78 (quotation omitted); *cf. Bujnowski*, 130 N.H. at 5-6, 532 A.2d at 1387-88 (considering some of these factors).

In a single paragraph, the majority opinion concludes "that some of the prosecutor's statements were, in fact, improper." It does not clearly articulate which of the statements constituted misconduct, however, stating only that one statement was "apparently at odds with" an acknowledged principle, and that another was "disturbing"; the opinion also observes that "personal attacks directed to the ethics and integrity of opposing counsel are unquestionably inappropriate." The opinion does not tell me, and I cannot discern from these observations, which comments constituted misconduct.

Finally, I am concerned with the majority opinion's conclusory determination that the prosecutorial misconduct in the instant case

was not seriously prejudicial, and thus does not necessitate a new trial. The opinion does not, in my view, make sufficiently clear the context in which the county attorney's remarks were made.. *Cf. Turgeon*, 137 N.H. at 547, 630 A.2d at 278 (concluding that "defendant 'opened the door' to the prosecutor's subsequent remarks").

With the exception of the county attorney's ill-advised decision to attempt to define cunnilingus for the jury after the court had ruled that her definition would not be included in jury instructions, each of the remarks to which defense counsel objected during closing was directly linked to a claim made by defense counsel in his own closing argument. *See State v. Fowler*, 132 N.H. 540, 546, 567 A.2d 557, 560 (1989). As only one example, the county attorney's comment that she thought the evidence was not "innuendo" responded to two remarks made by defense counsel in his closing. First, defense counsel stated, "I mean, this is trial by innuendo." Second, he urged the jurors not to "allow the prosecution to overwhelm [them] with innuendo and speculation when [the prosecution] should have [come] through that door with evidence and credibility."

I am disappointed to see the sour rhetoric employed by each side in closing argument in this case. I am, in fact, reluctant to conclude that the defendant is not entitled to a new trial as a result of the county attorney's improper remarks. *See, e.g., Bujnowski*, 130 N.H. at 5-6, 532 A.2d at 1387-88; *Walton v. City of Manchester*, 140 N.H. 403, 408, 666 A.2d 978, 982 (1995). Our standard of review, however, is deferential: we will not reverse "the superior court's denial of a motion for a mistrial absent an abuse of discretion." *State v. Sanchez*, 140 N.H. 162, 165, 663 A.2d 629, 631 (1995); *see also Walton*, 140 N.H. at 408, 666 A.2d at 981-82 ("The decision to sustain an objection, to offer a curative instruction, or to grant a mistrial in circumstances like this one generally rests in the trial court's discretion."). Although I do not believe that the county attorney's remarks were unintentional, and I do believe that they constituted misconduct, I agree with the majority that — under the unique circumstances of this case — the trial court did not abuse its discretion in denying the defendant's motions for a mistrial and to set aside the verdicts.