Graf v. Warden, NHSP                    CV-00-124-JD  05/17/01
                    UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Carl Graf

        v.                              Civil No. 00-124-JD
                                        Opinion No. 2001 DNH 091
Warden, New Hampshire
State Prison


                              O R D E R


        The petitioner, Carl Graf, seeks habeas corpus relief

pursuant to 28 U.S.C.A. § 2254 from his conviction and sentence

in state court on charges of felonious sexual assault.  Graf has

filed three motions:  (1) to reinstate an issue that was

previously dismissed as procedurally defaulted; (2) to expand

his motion for discovery; and (3) to depose state officials.  The

respondent objects to all three motions.


A.   Motion to Reinstate Issue

        Graf raised an issue in his federal habeas petition that his

due process rights were violated by the trial court's decision

that privileged matters about the victim's prior sexual activity

and knowledge were not admissible.  That issue has been referred

to as the broader due process issue, distinguishing it from a

narrower issue that the trial court violated his due process

rights by not permitting his counsel to use privileged matters in

cross-examination of the state's expert witness.  In this court's order of November 1, 2000, the court found that the broader due process issue was not briefed on direct appeal and was not raised in Graf's state habeas proceeding.[1]  This court ruled that the issue was defaulted and that Graf had not shown cause for the default, resulting prejudice, or a fundamental miscarriage of justice.  Four months after that order, Graf moved to reinstate the broader due process issue, quoting the transcript of his state habeas proceeding to show that the broader issue was raised in that proceeding.

Even if Graf's motion were timely, which it is not, see LR 7.2(e), it is unavailing.  Reading the state habeas court's order of December 3, 1999, together with that part of the transcript quoted by Graf, the state court determined that the broader issue had been procedurally defaulted because it could have been, but was not, raised on direct appeal.  See Graf v. Warden, 99-E-0377, at 2-4 (N.H. Sup. Ct. Dec. 3, 1999).  Based on the state court's decision, this court ruled that Graf procedurally defaulted the broader due process issue and had not shown cause and prejudice, or a miscarriage of justice, to overcome the procedural default. Therefore, the motion to reinstate is denied.

---

[1]The narrower due process issue was not defaulted in the state proceedings and remains a claim in support of Graf's habeas petition here.

2

B.  <u>Motion to Expand Motion for Discovery</u>

Graf moves to expand his previously-filed renewed motion for discovery.  Since Graf's previously filed renewed motion for discovery is no longer pending, <u>see</u> order of February 21, 2001, his present motion is considered alone.  In the present discovery motion, Graf asks that the state be ordered to produce copies of videotapes made of three pretrial interviews of the minor whose allegations of sexual contact with Graf led to the charges against Graf.  Graf argues that the videotapes are helpful because the minor talks about his lying, about an allegation of sexual assault by Graf that the minor recanted, and about the minor's sexual contact with his stepbrother.

Discovery in federal habeas proceedings is available through the Federal Rules of Civil Procedure "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a) of the Rules Governing Section 2254 Cases.  Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."

Graf contends that the videotapes are relevant to his due process claim challenging the trial court's decision not to permit cross-examination of the state's expert using privileged matters.  The respondent objects to Graf's request on the grounds

that the videotapes are not relevant to Graf's claim because the defense did not seek to use them or information from them in cross-examination of the state's expert. Although Graf apparently acknowledges that the videotapes are privileged matters, neither side has specifically addressed the nature of the privilege or the standard necessary to overcome such a privilege.

This court previously ruled that Graf could discover only privileged matters that were disclosed during the criminal trial and that the defense sought to introduce during cross-examination. See Order of Feb. 21, 2001, at 3. As noted by the respondent, the New Hampshire Supreme Court's decision on Graf's direct appeal indicates that the videotapes were not a subject raised for cross-examination:

> Specifically, the facts which the defendant unsuccessfully sought to introduce during the cross-examination of the expert were: (1) hearsay statements by the victim's mother that she heard that the victim may have been sexually abused in a prior foster home; (2) hearsay statements of the victim to his therapist that he had engaged in what he believed to be inappropriate sexual contact with his younger brother and the resulting punishments he had received from his parents; and (3) that the victim did not disclose the allegations in question to his therapist at the time the acts were alleged to have occurred, notwithstanding the fact that he was disclosing the perceived inappropriate contact with his brother.

State v. Graf, 143 N.H. 294, 300 (1999). Graf has made no showing that the defense sought to introduce the videotapes or

4

information from them in the cross-examination of the state's expert witness.  Therefore, Graf has not shown good cause to order production of the videotapes.


C.  Motion to Depose State Officials

In support of his petition for habeas relief, Graf contends that his due process rights were violated when the prosecutor in his criminal trial called the chief justice of the superior court to complain about the trial judge, the chief justice called the trial judge, and the trial judge recused himself from the case on April 13, 1995, but ruled on two motions after his recusal.[2] Judge Fauver was appointed to preside over the case after Judge O'Neill's recusal.  Graf seeks to depose former Superior Court Chief Justice, Joseph Nadeau; the trial judge, James D. O'Neill, III; former Assistant Attorney General Cynthia White, and former County Attorney, Carol Yerden.  Graf contends that the proposed discovery would clarify who said what to whom in the course of

---

[2]Although the claim is not clearly stated, it appears that Graf argues that the communication between the prosecutor and the chief justice, which was relayed to the trial judge, caused the trial judge to be biased against Graf in ruling on his motions after he was recused. The disputed rulings are an order dated April 13, 1995, denying Graf's motion on the admissibility of privileged matters and an order dated May 3, 1995, denying motion to reconsider the April 13 decision.  Graf apparently does not raise claims, made in state court, that the recusal caused a prejudicial delay in the case or that the prosecutor's actions constituted prosecutorial misconduct.

the communications that led to Judge O'Neill's recusal.

The factual record in a federal habeas proceeding begins with the record developed in the state proceedings. See 28 U.S.C.A. § 2254(e). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1). Pertinent to Graf's due process claim based on the communications that resulted in Judge O'Neill's recusal, the New Hampshire Supreme Court ruled as follows:

> [Communication between the chief justice of the superior court and the prosecuting attorney] subsequently led to the recusal of the judge, dismissal of the empaneled but unsworn jury, and rescheduling of the defendant's trial. The defendant did not know the content of this communication until the State revealed its nature at oral argument.
>
> . . .
>
> At the outset, we find that the county attorney's actions, as well as her later characterization of those actions, do not constitute prosecutorial misconduct, cf. State v. Boetti, 142 N.H. 255, 260, 699 A.2d 585, 588 (1997) (concluding overreaching occurs "when, through intentional misconduct or gross negligence, the prosecutor has produced a situation in which the defendant could reasonably conclude that continuation of the tainted proceeding would result in his conviction" (quotation and ellipsis omitted)), and, accordingly, did not violate the defendant's rights to due process. Moreover, we note that at the April 12, 1995, chambers conference, after the judge indicated that he intended to recuse himself, he asked all counsel whether there was any objection to his rendering a decision on the defendant's motion. The defendant's counsel indicated that he had no objection,

6

and the court issued its order the next day. Although the defendant filed a motion to reconsider that order, the defendant did not raise any objection to the order having been issued by the recused judge. Nor was that issue raised in the defendant's subsequent motion to dismiss based on the county attorney's conduct. Finally, the record reveals that Judge Fauver readdressed at least in part the admissibility of the privileged matters at issue in the defendant's motion during the course of the trial. Even if we assume that the defendant properly preserved for appeal the issue of whether the recused judge's ruling upon the defendant's motion violated due process, we conclude that the defendant has not demonstrated any prejudice and we find no violation of his due process rights. We have considered the defendant's remaining arguments on this issue and determine them to be without merit, warranting no further discussion.

Graf, 143 N.H. at 301-03.

Graf contends that the New Hampshire Supreme Court made three erroneous factual findings. First, Graf argues that the court erroneously found that he first learned of the content of the communications when Assistant Attorney General White revealed the nature of the communication at oral argument.[3] Graf contends that he was misled to understand that the communications involved only an administrative matter unrelated to his case until White's

---

[3]After oral argument in Graf's case, White wrote a letter, dated June 26, 1997, to the supreme court in which she explained that she had subsequently reviewed her notes about the communication between the prosecutor in Graf's trial and the chief justice and wished to advise the court of additional information. White explained that the communication may have been to complain about Judge O'Neill's tone and demeanor during a hearing in Graf's case, from which the prosecutor thought the judge was being perceived as being unfair to the state.

7

letter, sent after oral argument, revealed that the communication between the prosecutor and the chief justice was directly related to his case. Graf has rebutted the presumption of correctness to the extent that the supreme court found that the defense knew of the true nature of the communications at oral argument when the evidence clearly shows that White's letter was the first notice that the communications directly involved his case.

Graf contends that the supreme court's statement that the trial judge indicated that he intended to recuse himself at the April 12, 1995, chambers conference was erroneous because Judge O'Neill actually said, "it appears at this time that I have to -- or I have a strong inclination to recuse myself from trial." Trans. at 5. Contrary to Graf's interpretation, the cited portion of the transcript supports the supreme court's statement and does not overcome the presumption of correctness. Graf also argues that the supreme court's conclusion that he did not object that Judge O'Neill ruled on the two motions, after recusal, was erroneous. Graf offers no evidence to rebut that statement.

As a result, the operative facts from the supreme court's decision remain as stated except that the defense did not learn of the true nature of the communication between the prosecutor and the chief justice until after oral argument.

Graf argues that the record from the state proceedings is not fully developed with respect to the nature of the

8

communications between the prosecutor and the judges.  He contends that depositions of the judges and prosecutors are necessary to develop the factual basis of his claim.  Graf presumes that his request for depositions is the equivalent of a request for an evidentiary hearing under § 2254(e)(2).

A petitioner who failed, due to a lack of diligence or greater fault, to adequately develop the factual record in state court must satisfy the requirements of § 2254(e)(2) before factual development through an evidentiary hearing will be allowed in a federal habeas proceeding.  See Williams v. Taylor, 529 U.S. 420, 432 (2000).  Graf contends that he was diligent, so that he is excused from the requirements of § 2254(e)(2).  The respondent argues that Graf was not diligent and must satisfy § 2254(e)(2).

To be excused from the requirements of § 2254(e)(2), the petitioner must have been "diligent in his efforts" and must have "undertake[n] his own diligent search for evidence."  Williams, 529 U.S. at 435.  A petitioner who pursued a claim diligently in state court but was unable to develop a pertinent evidentiary record "because, for instance, the prosecution concealed the facts," will not be barred from an evidentiary hearing in a federal habeas proceeding.  Id. at 434.  Diligence in this context means that "the prisoner made a reasonable attempt, in light of the information available at the time, to investigate

9

and pursue claims in state court." Id. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.

The essence of Graf's argument is that because he was misled and did not know the true nature of the communications between the prosecutor and the judges until White's letter of June 26, 1997, he was not at fault in failing to pursue evidence about those communications. Graf argues that he was not at fault for not pursuing evidentiary development of the issue after White's letter since the supreme court decided against the state's suggestions that the case be remanded for an evidentiary hearing. The respondent argues that because the petitioner did not pursue the issue of the content of the communications in state court, his efforts were not diligent.

The record shows that in response to White's letter, Graf moved to expand the record before the supreme court to include the letter and to permit supplementary briefing. The state suggested, both in White's letter and in response to Graf's motion to expand the record, that the case be remanded for an evidentiary hearing on the issue of the communications. Graf did not ask to depose the prosecutors and judges involved in the communications and did not request an evidentiary hearing or join the state's suggestions that a hearing be held. The supreme

10

court granted Graf's requests to expand the record to include the letter and provided an opportunity to file a supplemental brief on the communications issue but decided against remanding the case for an evidentiary hearing. No depositions were taken, and no evidentiary hearing was held.

Since Graf did not seek to depose the prosecutor and judges and did not ask for an evidentiary hearing when the issue arose before the supreme court, he failed to diligently pursue the evidence that he seeks here. The state's suggestions that the supreme court remand the case for an evidentiary hearing do not satisfy Graf's obligation to seek an evidentiary hearing. Having failed to develop the factual basis of the claim in state court, Graf must satisfy the requirements of § 2254(e)(2) in order to pursue further factual development through depositions. Graf concedes that he cannot satisfy § 2254(e)(2)(B). Therefore, Graf's motion to depose the prosecutors and judges is denied.

## Conclusion

For the foregoing reasons, the petitioner's motions to reinstate issue (document no. 35), to expand motion for discovery

11

(document no. 36), and to depose state officials (document no. 34) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 17, 2001

cc:  Michael J. Sheehan, Esquire
     Neals-Erik W. Delker, Esquire