Lady Ester v. Wooden Soldier          CV-01-007-M    07/17/03
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Lady Ester Lingerie Corporation,
     Plaintiff

     v.                                    Civil No.  01-007-M
                                           Opinion No. 2003 DNH 124
The Wooden Soldier, Ltd.,
     Defendant


                          **O R D E R**

     Plaintiff moves to enforce the terms of an agreement

allegedly settling this civil dispute, or, alternatively, for an

order entering "final default" against the defendant.  "Final

default" is not an available remedy given defendant's timely

appearance and defense of this action, including pursuit of a

counterclaim.  The settlement enforcement issue may or may not

have merit.  On the scant record provided by the parties in

support and opposition to the motion, it would seem reasonable to

conclude that a settlement was reached, but critical facts are

not directly addressed.


     It would appear that on March 22, 2003, counsel for

plaintiff and defendant discussed a comprehensive settlement and

orally agreed to dispose of this litigation under the following

terms. Defendant would pay plaintiff $60,000 within a week, "docket markings" would be filed, and mutual releases would be executed. Shortly thereafter, defendant's counsel informed plaintiff's counsel that his client also wanted a confidentiality agreement and a non-disparagement agreement, which he proposed to include in the release document. Plaintiff rejected that additional proposal, insisting on the terms originally agreed upon. Defendant has refused to perform absent a confidentiality and non-disparagement agreement, hence plaintiff's motion to enforce.

It is difficult to tell from the pleadings, but there may be an issue of fact or two lurking in the background. Defendant's counsel does not directly and clearly challenge plaintiff's assertion that a complete settlement agreement was reached on March 22, 2003, but coyly says that conversation "established only the monetary terms of the settlement; no discussion occurred regarding the documentation of the settlement other than a reference to 'docket markings and releases' as reflected in [plaintiff's counsel's] e-mail of that date." Of course, docket markings and releases go beyond strictly "monetary terms," and,

2

if the terms established were the only terms of the settlement, then the settlement agreement was complete. But, perhaps defendant's counsel meant to convey that he disputes the claim that a settlement agreement was reached - one that called for $60,000 to be paid by defendant to plaintiff within a week, "docket markings" to be filed and mutual releases exchanged.

To the extent plaintiff's counsel implies that the term "docket markings" or "release" could reasonably be understood to include "confidentiality" or "non-disparagement" undertakings, he is mistaken. "Docket markings" is a familiar phrase of art associated with practice in the state courts in New Hampshire. As part of a settlement, a stipulation for docket markings is understood by New Hampshire attorneys to mean that the parties agree to have the court mark it's docket as to the pending matter with the notation: "judgment for neither party; no interest; no costs; no fees; and no further action for the same cause," or very similar words, and that judgment will be entered on that basis. See, e.g., Cathedral of the Beechwoods, Inc., v. Pare, 138 N.H. 389, 390 (1994). With regard to mutual releases, New Hampshire practitioners understand that an agreement to execute

3

mutual releases as part of a settlement means that each party will release the other from liability with regard to any and all claims and causes of action arising out of the facts and circumstances related to the pending suit. A commitment to file docket markings and execute mutual releases is not, however, a commitment to also execute a "confidentiality agreement" or a "non-disparagement agreement." Obviously, terms requiring confidentiality and non-disparagement would impose different obligations than would an obligation to merely release someone from liability for all claims.

If the parties' current dispute involves nothing more than a disagreement over whether a mutual agreement to execute docket markings and releases also includes an obligation to execute confidentiality and non-disparagement agreements (or leaves open the question of additional negotiations regarding such terms), then this matter is easily resolved: as a matter of law, an agreement to execute docket markings and releases in settlement of pending litigation does not, by itself, include an agreement to execute a confidentiality or non-disparagement agreement, and does not imply a need for additional negotiations. If the

4

parties' dispute is more complicated than that (the pleadings are unclear), then an evidentiary hearing will likely be required.

New Hampshire law is unmistakable in holding that settlement agreements reached by attorneys are binding on their respective clients. "If a settlement agreement has in fact been reached by counsel, the critical inquiry in determining its enforceability is whether the lawyer was authorized by the client to make the agreement." Bock v. Lundstrom, 133 N.H. 161, 164 (1990), (citing Halstead v. Murray, 130 N.H. 560, 566 (1988)). Defendant's counsel does not deny that he was authorized to negotiate and agree to the alleged settlement (and may or may not be denying that the agreement, as spelled out by plaintiff's counsel, was in fact reached).[1] Under New Hampshire law, whether a settlement

---

[1] Defendant's counsel says "no other discussion occurred [on March 22] regarding the documentation of the settlement other than a reference to 'docket markings and releases.'" But, then, no other discussion would be required if that reference and the monetary amount to be paid described the entire settlement agreed upon, since New Hampshire attorneys would fully understand what the reference meant - "docket markings and releases" may be a shorthand phrase, but shorthand does not detract from clarity and meaning among those familiar with the terms of art. Defendant's counsel also argues that a confidentiality agreement and a non-disparagement agreement makes eminent sense for his client under the circumstances, and is a reasonable demand. That may well be true, but, of course, it is entirely beside the point. Either there was an agreement reached before the additional terms were

5

was in fact agreed to by counsel, and, if so, what the terms of that agreement were, and whether counsel was authorized to bind the client, are all questions of fact. See generally The Byblos Corp. v. Salem Farm Realty Trust, 141 N.H. 726 (1997), and cases cited.

An evidentiary hearing seemingly will be required to resolve the issues raised in the motion to enforce, at least as the record now stands, since the parties have not shown that the material facts are undisputed. Not addressing critical facts necessary to resolve the issues raised is hardly the equivalent of stipulating. It may be, however, that counsel can stipulate, in which case the legal outcome ought to be evident to each.

## CONCLUSION

Counsel for defendant shall advise the clerk within seven (7) days of the date of this order whether this issue has been resolved or an evidentiary hearing is required. If necessary, the motion to enforce settlement shall be set down for a prompt

---

demanded or there wasn't. If there was, either defendant's counsel was authorized to act or he wasn't. If he was, then the agreement is binding.

6

evidentiary hearing, at which counsel shall be prepared to present evidence relevant to whether a settlement agreement was reached; what the terms of that agreement were; whether counsel for the parties were authorized to bind their respective clients, and whether costs and attorneys' fees should be awarded.

   **SO ORDERED.**

                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

July 18, 2003

cc:  Richard E. Fradette, Esq.
     Russell F. Hilliard, Esq.

7