Environamics v. Ferguson Enter.      CV-00-579-JD  09/24/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Environamics Corporation

        v.                              Civil No. 00-579-JD
                                        Opinion No. 2001 DNH 175
Ferguson Enterprises, Inc.


O R D E R


    Environamics Corporation brings suit against Ferguson
Enterprises, Inc. alleging fourteen claims arising from the
parties' failed business relationship.  In response, Ferguson has
alleged seven counterclaims against Environamics.  Ferguson moves
to dismiss Environamics's claim of tortious interference with
contractual relations and the claims under New Hampshire's
Consumer Protection Act, Revised Statutes Annotated ("RSA") 358-
A.  In response, Environamics moves to amend the tortious
interference claim and otherwise objects to dismissal.


Standard of Review

    When, as here, the defendants have filed an answer, a motion
to dismiss is properly considered as a motion for judgment on the
pleadings.  "After the pleadings are closed but within such time
as not to delay the trial, any party may move for judgment on the
pleadings."  Fed. R. Civ. P. 12(c).  When considering a motion
for judgment on the pleadings, the "court must accept all of the

nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Background

Environamics is a manufacturer and seller of pump products. In September of 1996, Environamics and Ferguson entered a distributor agreement that provided for Ferguson to distribute Environamics products in a specific territory that included North and South Carolina, Maine, and New York. After Ferguson ordered and received inventory from Environamics, Ferguson did not appoint specialists, as required under the agreement, did not use its best efforts to sell the products in Maine and New York, is not longer selling products in Maine and New York, and is closing its operations in Maine. Environamics alleges a list of omissions and misconduct by Ferguson pertaining to their relationship and Environamics's business relationships with others.

Discussion

Ferguson moves for judgment on the pleadings with respect to Environamics's claim of tortious interference with contract on the ground that Environamics failed to allege any factual support for such a claim. Ferguson also contends that Environamics's claims brought under RSA 358-A fail to state violations of the Consumer Protection Act. Ferguson objects and also moves to amend its claim of tortious interference.

## A. Tortious Interference with Contractual Relations

To state a claim of tortious interference with contract, the plaintiff must allege facts to show "that the plaintiff had a contractual relationship with a third party; that the defendant knew of the contractual relationship between plaintiff and the third party; and that the defendants wrongfully induced the third party to breach his agreement with the plaintiff." Barrows v. Boles, 141 N.H. 382, 392-93 (1996). Assertions of legal conclusions, unsupported by appropriate factual allegations, are insufficient to state a claim. See New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999).

Ferguson contends that Environamics failed to allege facts in support of its tortious interference claim. Environamics does not dispute the insufficiency of its pleading, saying only, "[t]o

3

the extent that this Court deems Count XI inadequately pled, the plaintiff respectfully prays that the Motion to Amend Count XI (filed contemporaneously herewith) be granted."  Objection ¶ 1. As originally pled, the tortious interference claim is a mere legal conclusion, which is insufficient to state a claim.

Environamics moves to amend its complaint to add allegations in two new paragraphs.  In paragraph 57A Environamics alleges that Ferguson contacted Allied Supply, a California company, and interfered with contractual agreements that Allied Supply would become an Environamics distributor in California and would hire a specialist as the exclusive person to sell Environamics products. Environamics also alleges in paragraph 57B that "a representative of the Defendant [Ferguson]" interfered with Environamics's agreements with Ferguson that it would have a person fully dedicated to sell Environamics's products.  Ferguson contends that the motion to amend should be denied because the proposed amendments are futile.

"Motions for leave to amend 'shall be freely given when justice so requires.'"  Interstate Litho Corp. v. Brown, 255 F.3d 19, 25 (1st Cir. 2001) (quoting Fed. R. Civ. P. 15(a)).  The liberal amendment policy, however, does not require the court to permit amendments that are requested after undue delay, would cause undue prejudice to the opposing party, or would be futile.

4

See Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000). Futility, in this context, "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Ferguson contends that the proposed amendments do not cure the insufficiency of Environamics's claim. Specifically, Ferguson asserts that Environamics identifies only one possible third party, Allied Supply, which Ferguson contends is actually a division of Ferguson not a third party. Therefore, Ferguson argues, the claim as amended alleges that Ferguson interfered with its own contract, which does not state a claim. Environamics has not responded to Ferguson's objection.

Under New Hampshire law of tortious interference with contract, the alleged tortfeasor must interfere with the plaintiff's contractual relations with a third party. See, e.g., Soltani v. Smith, 812 F. Supp. 1280, 1296-97 (D.N.H. 1993). Paragraph 57B alleges only that a representative of Ferguson, not a third party, interfered with Environamics's agreement with Ferguson. Ferguson is the only defendant in this case. Proposed paragraph 57B, therefore, alleges that Ferguson interfered with its own contract with Environamics and adds nothing that is material to Environamics's tortious interference claim.

With respect to paragraph 57A, if Allied Supply is a division or subsidiary of Ferguson, as Ferguson contends, Ferguson was likely privileged to interfere in any contractual relationship with Environamics as long as the agreement was no longer in the subsidiary's economic interest. See Nat'l Data Payment Sys., Inc. v. Meridian Bank, 212 F.3d 849, 856 (3d Cir. 2000); Boulevard Assocs. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1036 (2d Cir. 1995). Ferguson's argument alone, however, is insufficient to show that the amendment is futile because it raises factual issues beyond the scope of the pleadings.

Ferguson also argues that the amendment is futile because it does not add factual allegations pertaining to intent and harm. Environamics alleges that Ferguson representatives contacted Allied Supply and "interfered with contractual agreements," but does not allege that the alleged interference caused a breach or any other harm to Environamics. Damage resulting from the interference is a necessary element of a cause of action for tortious interference with contractual relations. See, e.g., Jay Edwards, Inc. v. Baker, 130 N.H. 41, 46 (1987). Absent allegations that Environamics was damaged, the claim is not properly pled, and the amendment is futile.

6

B.  Consumer Protection Act Claims

     The New Hampshire Consumer Protection Act provides a private
cause of action for "any unfair method of competition or any
unfair or deceptive act or practice in the conduct of any trade
or commerce within this state."  RSA 358-A:2; see also RSA 358-
A:10.  The Act provides a non-exclusive list of prohibited
conduct.  See RSA 358-A:2.

     Although the Consumer Protection Act is generally to be
given broad applicability, its scope is not unlimited.  See
Roberts v. Gen. Motors Corp., 138 N.H. 532, 538 (1994).  The Act
applies only to those types of actions described in the thirteen
representative categories listed in the statute.  See id.  In
addition, trade or commerce that is otherwise regulated by a
comprehensive system which protects consumers from the same
unfair practices covered by RSA 358-A is exempt from RSA 358-A.
See RSA 358-A:3, I; Bell v. Liberty Mut. Ins. Co., 776 A.2d 1260,
1263 (N.H. 2001).

     In this case, Environamics alleges that Ferguson violated
the Consumer Protection Act by "contacting Environamics direct
vendors to obtain documents," "shipping a pump to Environamics
that was contaminated with hazardous materials, with
documentation representing that it had been decontaminated," and
by "refusing to pay for invoices, and by expressing its superior

7

financial position . . . and holding payments due for ransom." Compl. ¶¶ XII-XIV. Ferguson contends that those claims fail because they are not the type of transactions covered by the Act and because the actions alleged did not occur within New Hampshire as required by RSA 358-A:2. With respect to Count XIII, pertaining to hazardous materials, Ferguson contends that those activities are exempt due to regulation by the Hazardous Substances Act, 15 U.S.C. § 1261, et seq.

In response, Environamics argues that its claims are of the type described in RSA 358-A:2, V and VII. Section 358-A:2, V applies to goods and services that are represented to have "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." Section 358-A:2, VII applies to "[r]epresenting that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another." The allegations in Counts XII and XIV do not pertain to the standard, characteristics, or quality of goods or services and, therefore, are not of the type described in sections 358-A:2, V and VII.

Taking the allegations in the light most favorable to Environamics, the activity described in Count XIII, shipping a contaminated pump with documentation representing that it had been decontaminated, could fall within the type of activity

8

described in RSA 358-A:2, VII.  Ferguson argues, however, that any such activity is exempt under RSA 358-A:3, I and did not occur within New Hampshire, as required by RSA 358-A:2. Ferguson's argument with respect to exemption under the Hazardous Substances Act is not sufficiently developed to be considered.

The limitation in RSA 358-A:2 to "conduct of any trade or commerce within this state" has been interpreted to mean that the statute only applies to offending conduct that took place within New Hampshire.  See Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F. Supp. 491, 504 (D.N.H. 1996).  In count XIII, Environamics alleges that Ferguson engaged in offending conduct when it shipped a contaminated pump with documentation representing that it had been decontaminated.  Since Ferguson is a Virginia corporation with a principal place of business in Virginia, it appears from the complaint that the pump was shipped from Virginia.  However, the deceptive act of misrepresenting the condition of the pump occurred in New Hampshire when Environamics received the pump and its allegedly false documentation. Therefore, Environamics's claim in Count XIII is sufficient to survive the motion to dismiss.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend (document no. 25) is denied.  The defendant's motion to dismiss (document no. 20) is granted as to Counts XI, XII, and XIV, but is denied as to Count XIII.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

September 24, 2001

cc:  Michael R. Callahan, Esquire
     John Allen Waldrop III, Esquire
     Roy S. McCandless, Esquire